## STATE v. ARTHUR LUSCHER.[1]

November 23, 1923.

No. 23,691.

**Act of 1919 regulating practice of dentistry invalid.**

1.   Chapter 386, Laws 1919, which prescribes the grounds on which a license to practice dentistry may be revoked and makes a violation of specified regulations governing the practice of dentistry a misdemeanor, violates the equality provisions of the Constitution by excluding from the provisions of the act all persons lawfully practicing dentistry at the time of its enactment.

**Language incapable of two meanings.**

2.   The language used in excluding from the operation of the act those lawfully practicing dentistry at the time of its passage is so positive, clear and unambiguous that it cannot be given any other meaning.

**Prior law in force.**

3.   The act being void, it made no change in the previously existing law.

**Practice of dentistry without license forbidden.**

4.   The previously existing law found in sections 5015 to 5021 inclusive, G. S. 1913, prohibits practicing dentistry without a license.

**Verdict sustained.**

5.   The evidence is sufficient to sustain the finding of the jury that defendant was not a licensed dentist and that he performed the dental operation charged in the complaint and received compensation therefor.

**Proof that work was done for compensation.**

6.   The fact that a fee for the operation was paid to his employer and that he received a salary from such employer is sufficient to show that he did the work for compensation within the meaning of the statute.

[1]Reported in 195 N. W. 914.

**Evidence not necessary.**

7. The claim that the court, of its own motion, ought to have called the girl on whom the operation was performed as a witness and ought to have required the production of a field glass used by two of the witnesses is without merit.

Defendant was charged in the municipal court of Minneapolis with the offense of practicing dentistry without a license, tried before Nordbye, J., who at the close of the testimony denied defendant's motion for a directed verdict, and a jury which found defendant guilty as charged in the complaint. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*H. Z. Mendow, E. J. Culhane* and *Thomas Kneeland,* for appellant.

*Clifford L. Hilton,* Attorney General, *William H. Oppenheimer* and *Gilbert E. Harris,* Attorneys for State Board of Dental Examiners, for respondent.

TAYLOR, C.

The defendant was convicted in the municipal court of the city of Minneapolis of the offense of practicing dentistry without a license, and appeals from an order denying a new trial.

Sections 5015 to 5021 inclusive, of the General Statutes of 1913, contained the regulations then in force governing the practice of dentistry. Chapter 386, p. 411, Laws of 1919, amended these sections to read as therein set forth and added additional provisions. Defendant contends that chapter 386 violates the equality provisions of both the state and Federal Constitutions and is void.

Sections 1 and 2 of the act provide for the appointment and organization of a board of dental examiners. Section 3 defines what shall be deemed to be practicing dentistry within the meaning of the act. Section 4 provides for the examination of persons desiring to practice dentistry and for the registration and licensing of those who successfully pass the examination. It also authorizes the board of dental examiners to

"Suspend or revoke a license obtained by fraud or misrepresentation, or the license of any dentist found guilty of violating this act by a court of competent jurisdiction, or convicted subsequent to

the date of his license of a misdemeanor involving moral turpitude or a felony, or who becomes habitually intemperate or addicted to drugs, or is guilty of gross immorality, or advertises with a view of deceiving or defrauding the public, or is not otherwise of good moral and upright character."

Section 5 requires each licensed dentist to pay an annual license fee of one dollar and authorizes the revocation of his license for failure to pay it. Section 6 makes it a misdemeanor for any person to practice dentistry "without being first duly licensed;" to own or conduct a dental office "wherein an unlicensed person is practicing dentistry;" to falsely pretend that he holds a license to practice dentistry in this or any other state or country; to practice, or hold himself out as practicing, dentistry under any name except his own, or under a corporate or trade name; or to operate a dental office where solicitors are employed. Section 7 makes it a misdemeanor for any dentist to divide fees with, or to pay a commission to, any other dentist who sends patients to him.

Section 8 reads as follows:

"Provided that the provisions of this act shall not apply to persons lawfully engaged in the business or practices of dentistry at the present time."

Section 9 repeals inconsistent acts.

This statute clearly infringes the constitutional requirement that all persons shall receive the equal protection of the laws. While a statute may be limited in its operation to a specified class, to be valid it must apply alike to all who are within that class and must not exclude from its operation any who are under the same conditions and in the same situation as those to whom it applies. See cases cited in sections 1668, 1669, 1670 and 1671 Dunnell, Minnesota Digest and the supplements thereto.

By making the conviction of a crime, or habitual intemperance, or addiction to drugs, or gross immorality, or advertising with a view to deceive the public, cause for revoking a license to practice dentistry; by making it a criminal offense for any person to conduct a dental office in which an unlicensed person practices dentistry

or where solicitors are employed, or to practice dentistry under any name except his own, or to divide fees with another dentist who sends.him patients, and then excluding from the operation of these provisions all persons lawfully practicing dentistry at the time of its enactment, this statute discriminates between part of a specified class and another part of the same class in a manner forbidden by the equality provisions of both the state and Federal Constitutions. The prosecution does not contend otherwise, unless section 8 may be construed as merely permitting dentists previously licensed to continue in business, and not as exempting them from the penalties provided for misconduct. But the language of section 8 is so positive, clear and unambiguous that it leaves no room for construction, and must be taken to mean what it says. 3 Dunnell, Minn. Dig. § 8938.

Defendant further contends that, although the statute of 1919 is unconstitutional and void, the repealing clause in section 9 of that statute operated to repeal the prior law. We cannot sustain this contention. The statute being void is inoperative for any purpose and made no change in the existing law. State v. Rice, 115 Md. 317, 80 Atl. 1026, 36 L. R. A. (N. S.) 344, Ann. Cas. 1913A, 1247; Chicago, I. & L. Ry. Co. v. Hackett, 228 U. S. 559, 33 Sup. Ct. 581, 57 L. ed. 966.

Defendant further contends that practicing dentistry without a license is not prohibited by the law as it existed before the enactment of chapter 386, and that the facts stated in the complaint do not constitute a criminal offense for that reason. Sections 2313 to 2319, inclusive, of the Revised Laws of 1905, contained the regulations governing the practice of dentistry then in force. These sections were amended in 1907 and 1911, and, as so amended, appear as sections 5015 to 5021, inclusive, of the General Statutes of 1913, and was the law in force when chapter 386 was enacted. Defendant bases his contention mainly on the fact that section 2315, R. L. 1905, defining what shall constitute the practice of dentistry, also provided: "No person shall practice dentistry unless he shall have complied with the provisions of this subdivision relating to registration;" and that this provision was omitted when the section was

changed to the form in which it is found in section 5017, G. S. 1913. It may have been omitted as not germane to the subject matter of that section. Whatever may have been the reason for omitting this particular provision, the provisions found in the succeeding sections of the act are sufficient to make the practice of dentistry without a license unlawful.

They provide that any person, desiring to practice dentistry and not already licensed as a dentist, shall submit to an examination and shall receive a license if found to be qualified; that he shall file his license with the clerk of court in the county where he resides; that if he changes his residence to another county he shall file the license or a certified copy of the record in that county before practicing therein; that he shall pay an annual license fee and keep his annual license in open view in his operating room; that he shall not employ an unlicensed dentist contrary to the provisions of the law; that "no person shall practice dentistry in the state without having complied with the provisions of this subdivision;" and that "any person who shall falsely pretend that he holds a certificate of registration from the board, or shall violate any of the provisions of this section shall be guilty of a misdemeanor."

The two excerpts quoted are from section 5021. Defendant's claim to the effect that a person who pays the fees and takes the examination complies with the statute relating to registration, although he fails to pass the examination or to secure a license, cannot be sustained.

Defendant further contends that the evidence is not sufficient to sustain the verdict. The statute provides that any person "who shall for a fee, salary or other reward, paid or to be paid either to himself or to another person, perform dental operations of any kind" shall be deemed to be practicing dentistry. Defendant was charged with performing a dental operation on the teeth and mouth of one Rose Biwer for a fee and reward of $10. Defendant was employed on a salary by Alfred M. Schmidler, a licensed dentist, and the dental operation which he is charged with performing was performed in the office of Dr. Schmidler. That the operation was performed is not disputed, but defendant and Dr. Schmidler testify that it was

performed by Dr. Schmidler, and that defendant performed only laboratory and mechanical work. Two witnesses for the state, employed to investigate defendant, testify that they rented a room across the street from the dental office; that from this room they looked through the window of the dental office and watched defendant perform the operation; that at times they used a pair of binoculars to aid their vision, although they could and did see what was being done without that aid; and that defendant and not Dr. Schmidler performed the operation. The jury found that the operation was performed by defendant and we discover no ground for disturbing this finding.

Defendant claims that no payment was made to him or to anyone in his behalf for doing the work. It appears that the sum of $10 was paid for the operation to the cashier in the office by the stepfather of the girl; and that money paid to the cashier was used in paying the expenses of the office including defendant's salary. It was not necessary that payment for the work by the one for whom it was performed be made to or for defendant to bring him within the statute. It was sufficient that he was to receive compensation for the work in the form of a salary to be paid by his employer.

The girl, Rose Biwer, appears to have been present in court but was not called to the witness stand by either party. We find no merit in defendant's claim that the court, of its own motion, ought to have called her as a witness when it appeared that neither party intended to do so, nor in his claim that the testimony of the witnesses who used the binoculars should not have been received without the production of the binoculars, although he made no objection to it and did not ask that they be produced. The facts of this case do not bring it within the principle of the authorities cited by defendant. We may add that the record of the board of dental examiners kept by its secretary was competent evidence to show that defendant had no license to practice dentistry. We find no other matters requiring special mention and the order denying a new trial is affirmed.