## Triplett v. State Board of Health.

(Decided Jan. 29, 1935.)

P. H. VINCENT and D. B. DAUGHERTY for appellant.

LEE HAMILTON for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

On June 10, 1924, the State Board of Health issued to Dr. J. E. Triplett a license to practice chiropractic and physiotherapy.

Section 2618a-1 of the Kentucky Statutes, which is section 1 of chapter 31 of the Acts of 1920, provides that the State Board of Health shall, upon application of any state association composed of practitioners of any drugless or limited school or system diagnosing or treating human ailments, defects, or deformities, from a list of seven of its members selected and certified to the State Board by such association as persons of good moral character and graduates of a reputable college of such system of practice, appoint three assistant examiners for such school or system to represent such group in the examination of its applicants, and

the board is authorized to issue certificates to all applicants who make the grades required by law. Section 3 of the act (Ky. Stat. sec. 2618a-3) reads, in part:

"All certificates issued under the provisions of law by the state board of health when registered in the office of the county clerk of the county in which the holder of such certificate resides, shall authorize the holder to practice the system of healing named in such certificate, subject to all of the conditions imposed upon the holders of all certificates heretofore issued, or hereafter to be issued under the law."

Charges were preferred against Dr. J. E. Triplett before the State Board of Health by Dr. J. F. Blackerby, State Registrar. Dr. Triplett was notified to appear before the board to stand trial on the charges, but before the hearing was held he filed a petition in the Boyd circuit court in which he asked that the board be enjoined from taking any further proceedings against him on the ground that it was without jurisdiction to hear the complaint and without power and authority to revoke his license for the reason that no such authority was conferred upon it by statute, and for the further reason that by an act of the Legislature of 1928 the practice of chiropractic was defined and a board of chiropractic examiners was created which was given full, complete, and exclusive jurisdiction to issue licenses to practice chiropractic and to withhold, refuse, or revoke such licenses for reasons set forth in that act. A demurrer to the petition was sustained, and from the judgment dismissing the petition the plaintiff appeals.

Section 2615 of the Statutes sets out the causes for which a certificate may be suspended or revoked by the State Board of Health and prescribes the procedure that shall be followed to procure the revocation of a certificate. The authority to issue and revoke licenses to practice chiropractic remained in the State Board of Health until 1928, when the Legislature passed an act creating a board of chiropractic examiners to be appointed by the Governor. Acts of 1928, c. 123. The act provides that all applicants for licenses to practice chiropractic shall take an examination before the State Board of Chiropractic Examiners. That board shall issue licenses to all applicants found qualified to prac-

tice chiropractic, and all such licensees are required to pay an annual renewal fee of $1. Section 8 of the act requires the secretary and treasurer of the State Board of Chiropractic Examiners, fifteen days or more before the 1st day of November of each year, to mail to all licensed chiropractors in this state notice that the renewal fee of $1 will be due. Section 10 of the act reads:

"Upon complaint to the Board, after twenty days notice of time and place of trial has been given to any licensee, if it be found that he or she no longer possesses a good moral character or is addicted to the use of narcotic drugs or in any way is guilty of deception or fraud in the practice of chiropractic, his license shall be revoked."

It was clearly the purpose of the Legislature, in creating the State Board of Chiropractic Examiners and defining their powers and duties, to give jurisdiction over all chiropractors licensed to practice in the state, including those to whom a license had been issued by the State Board of Health before the passage of the act of 1928. The act provided that the appointment by the governor of the first board should be made from chiropractors then holding licenses in the state of Kentucky, and throughout the act, wherever licensees are referred to, the language used clearly indicates that the Legislature intended that the provisions of the act should apply to all licensees whether the license had been granted by the State Board of Health or by the State Board of Chiropractic Examiners. By section 15 all acts or parts of acts in conflict with the provisions of the act in question are repealed. It necessarily follows that after the effective date of the act of 1928 the State Board of Health was without authority to revoke a license to practice chiropractic though the license had been granted by it.

It appears that appellant also had a license, granted by the State Board of Health, to practice physiotherapy. We are unable to determine from the record whether or not this is a drugless or limited school of healing within the meaning of section 2618a-1, but, if so, the authority of the State Board of Health to revoke the license to practice physiotherapy for the causes specified by statute was not affected by the act of 1928

creating the board of chiropractic examiners. This question, however, can be developed on the return of the case.

The judgment is reversed, with directions to overrule the demurrer to the petition and for further proceedings consistent herewith.