## TAMEZ v. STATE BOARD OF DENTAL EXAMINERS.

### No. 4115.

Court of Civil Appeals of Texas. El Paso, Texas.

Sept. 18, 1941.

Spears, Conger, Baskin & Spears, of San Antonio, for appellant.

John R. Shook, Crim. Dist. Atty., Jack W. Knight, and Jay Sam Levey, Asst. Crim. Dist. Atty., all of San Antonio, for appellee.

SUTTON, Justice.

This is an appeal from a judgment of the 57th District Court of Bexar County affirming an order of the Dental Board suspending Dr. R. I. Tamez's license to practice

dentistry for a period of six months, and separately adjudging Dr. Tamez guilty of the violation charged by the Board, and suspending his license for the same period. From that judgment this appeal has been perfected.

The parties appear here in the same position as in the trial court, and will be designated the same.

This action arose under Chapter 7, Title 12, of the Penal Code, as amended by an Act of the 45th Legislature, p. 1346, Vernon's Ann.P.C. art. 747 et seq., the purpose of which is to regulate the practice of dentistry in the particulars therein enumerated.

The plaintiff has twenty-three assignments of error and has briefed seventeen propositions of law. Many of them are substantial repetitions, and we think the case may be properly disposed of without a separate consideration of each.

As we understand it, the controlling complaints are (1) that the Act is unconstitutional; (2) that the order of the Board initiating the proceeding and the notice to plaintiff are insufficient under the statute; (3) that the court erred in not giving the plaintiff a trial de novo as provided in the statute; (4) that the court erred in admitting in evidence the orders and notice of the Board because of their insufficiencies; and (5) that the court erred in entering judgment sustaining the order and action of the Board suspending his license because of the alleged fatal defects in the Board procedure, and because the court erred in failing and refusing to enter judgment on a de novo trial independent of the Board's action.

■ The plaintiff challenges the constitutionality of the Act. This has already been determined against him in an elaborate opinion by Chief Justice Smith, of the San Antonio Court, in the case of Sherman v. State Board of Dental Examiners, Tex.Civ. App., 116 S.W.2d 843, writ of error refused.

The statute, supra, provides in substance that the Dental Board shall be authorized, and it is their duty, to revoke, cancel or suspend dental license if a majority of the Board is of the opinion any person or persons to whom a license has been issued by the Board shall be guilty of violating any provisions of the dental practice act. It further provides that if a majority of the Board shall be of such opinion it shall enter an order in its records declaring it to be the opinion of the majority of the Board that such person or persons have violated the provisions of the statute within twelve months prior to the date of the order, and shall mail by registered mail to the last known address of such person a copy of the order, together with notice that if such alleged violations are not discontinued within ten days after the mailing of the notice or satisfactory evidence produced that the violation did not occur, that the Board will proceed to revoke, cancel or suspend the license. Such order and notice shall state the alleged violations relied upon by the Board. If from and after ten days from the mailing of the notice the party complained against shall fail or refuse to desist from the violation complained of, or to produce satisfactory evidence that the violation did not occur, the Board shall set a time and place not less than ten days nor more than thirty days for a hearing to consider the revocation, cancellation or suspension of the license. A copy of the order shall be sent by registered mail to the party complained against not less than five days prior to the date set for hearing.

The order relied upon is as follows: "Dr. R. I. Tamez of San Antonio, who was called before the Board in April, 1938 because of his violation of the Dental laws of Texas and given a reprimand for same, has been indicted, plead guilty and paid fine in San Antonio, Bexar County, Texas for allowing an unlicensed person to practice dentistry and receive pay for same in his office during the months following his reprimand. He was fined, on his plea of guilty $100.00 and costs. It was moved by Dr. Nix and seconded by Dr. Ellington that Dr. Tamez be summoned before the Board and show cause if he may, why his license should not be revoked."

■ We regard the order as fatally defective. The revocation of the license is predicated on the alleged violation of subsection (c), Art. 752b, which prohibits the employment of an unlicensed person to perform dental services in the office of a licensed dentist. The order does not specify any such violation, or any other, nor does it charge or otherwise disclose a majority of the Board is of the opinion the violation relied upon occurred within twelve months prior to the date of the order. The notice is insufficient because of the insufficiencies

of the order, and the further failure of the notice to advise the plaintiff he must discontinue the alleged violation or produce satisfactory evidence that the violation did not occur within ten days after the mailing of the notice.

We know, as the Legislature knew, the Board of Dental Examiners is composed of dentists and not of lawyers. They are not familiar with legal forms and are not to be held to legal exactness, but the requirements of the statute are few and simple, and we think the substance of it must be met.

The primary purpose of the law is to regulate the practice of dentistry and not to prohibit and punish it. We, therefore, agree with the contention of the plaintiff that the statute requires that proof be made that the alleged violations were not discontinued within ten days after the mailing of the notice before a license may be revoked, cancelled or suspended. The Board's attorney in his brief admits this to be true as to certain violations, but insists it does not apply to others. The statute makes no distinction. The law affords the opportunity to protect the license by desisting from the continued violation. But it affords no protection against a criminal prosecution. In a criminal prosecution lies the public's protection and recourse.

We think and hold this law constitutes the Board of Dental Examiners an administrative Board, that the trial de novo provided therein limits the trial on appeal to the district court to the violations charged by the Board; that the district court's power is limited to a determination of whether or not the Board acted within the scope of its delegated authority; whether or not its orders are supported by substantial evidence, and that it did not act arbitrarily or capriciously. The district court is not authorized to try the case as an original proceeding and substitute its judgment for that of the Board. The judgment it may enter is fixed by the statute, and it can enter no other. No record of the trial is provided for. That the district court may determine that the action of the Board is not well taken or that same would or might deprive one of his license unjustly the evidence on the charges made by the Board must of necessity be heard. The district court in the instant case did that.

We are unable to distinguish the procedure provided for in this law from that governing the Liquor Board. We think the views here expressed find support in Shupee v. Railroad Commission, 123 Tex. 521, 73 S.W.2d 505; Texas Liquor Control Board v. Jones, Tex.Civ.App., 112 S.W.2d 227; and Texas Liquor Control Board v. Floyd, Tex.Civ.App., 117 S.W.2d 530. Many other authorities might be cited.

For the reasons herein stated, we think the judgment of the District Court and the order of the Dental Board must be set aside, and it is so ordered.