## STATE BOARD OF EXAMINERS IN OP-TOMETRY v. MARLOW.

### No. 15424.

Court of Civil Appeals of Texas.
Fort Worth.

April 24, 1953.

Rehearing Denied May 22, 1953.

John Ben Shepperd, Atty. Gen. of Texas, Burnell Waldrep, and John Reeves, Asst. Attys. Gen., for appellant.

Harry S. Pollard, of Austin, for appellee.

BOYD, Justice.

On April 19, 1952, pursuant to the provisions of Article 4563, R.C.S., Vernon's Ann.Civ.St. art. 4563, the Texas State Board of Examiners in Optometry heard charges against Dr. Cecil Calvert Marlow, Jr., alleging that Dr. Marlow was practicing optometry in violation of said Article. At this hearing the Board determined that Dr. Marlow was violating the provisions of subdivisions (g), (i) and (j) of Article 4563, in that he aided in the practice of optometry a person not licensed to practice, namely, Vida Lee Duke; that he placed his license at the disposal of said Vida Lee Duke; and that he had wilfully and repeatedly violated the provisions of the act, and suspended his license for a period of ninety days. Dr. Marlow appealed from the order of the Board to the 61st District Court of Harris County, where judgment was rendered setting aside the order of the Board and enjoining its enforcement. This is an appeal by the Board from such judgment.

Appellant contends that the trial court did not apply the substantial evidence rule and was therefore in error, since such rule is applicable in an appeal from an order of the Texas State Board of Examiners in Optometry and that there was substantial

evidence supporting the decision of the Board.

■ It seems to be established in this state that in an appeal from an order of an administrative agency the courts will be governed by the substantial evidence rule. 1 Tex.Jur., 10 year Supp., 1937–1947, p. 124, and authorities there cited.

■ Although whether the substantial evidence rule applies in appeals from decisions of the Board of Examiners in Optometry has never been passed upon by the courts, it has been held that it applies to appeals from orders of many types of boards and agencies. Blair v. Board of Trustees, Trinity Independent School District, Tex.Civ.App., 161 S.W.2d 1030; Trapp v. Shell Oil Co., 145 Tex. 323, 198 S.W.2d 424; Tamez v. State Board of Dental Examiners, Tex.Civ.App., 154 S.W. 2d 976; Jones v. Marsh, 148 Tex. 362, 224 S.W.2d 198; Patillo v. County School Trustees of Wilson County, Tex.Civ.App., 235 S.W.2d 924; Board of Firemen's Relief & Retirement Fund Trustees of Houston v. Marks, Tex.Sup., 242 S.W.2d 181; Todd Shipyards Corp. v. Texas Employment Commission, Tex.Civ.App., 245 S.W. 2d 371; Department of Public Safety v. Robertson, Tex.Civ.App., 203 S.W.2d 950. We see no reason why an appeal from orders of the Board of Examiners in Optometry should not be governed by the rules applied to appeals from orders of other administrative agencies, and we hold that the substantial evidence rule does so apply. "Substantial evidence" under the rule means evidence introduced in court, rather than in the hearing before the Board. Hawkins v. Texas Co., 146 Tex. 511, 209 S.W.2d 338; Trapp v. Shell Oil Co., supra. And the test is not whether the evidence introduced in court preponderates against the Board's decision, nor whether there is some evidence to support it. The test is whether the Board's decision has *reasonable* support in *substantial* evidence. Hawkins v. Texas Co., supra; Jones v. Marsh, supra; Board of Firemen's Relief & Retirement Fund Trustees of Houston v. Marks, supra; Thomas v. Stanolind Oil and Gas Co., 145 Tex. 270, 198 S.W.2d 420.

"The word 'reasonably' * * * gives to the judicial review a broader scope than it would have if *some* substantial evidence were regarded sufficient of itself to sustain the Commission's order. It is for the court to determine as a matter of law the reasonableness of the support afforded by substantial evidence." Hawkins v. Texas Co., supra [146 Tex. 511, 209 S.W.2d 340].

Appellee testified that he was employed by Dr. Eugene H. Duke, who was duly licensed to practice optometry in Texas and who represented himself to Dr. Marlow and to the public as being the owner and operator of the Duke Optometric Clinic in Houston, where Dr. Marlow was employed when the acts complained of were alleged to have been committed; and there was testimony to the effect that Dr. Duke was in charge of the operation of the clinic. It was established, however, that Vida Lee Duke, who is not a licensed optometrist, was the owner of the Clinic, but we think the evidence was insufficient to show that Dr. Marlow knew or had any reason to believe that such was the fact. He testified that Mrs. Duke worked in the capacity of bookkeeper and office manager of the Clinic, but that he was not employed by her, made no agreement with her about his compensation, and looked solely to Dr. Eugene H. Duke for direction in his work. The salaries of the employees and the debts of the Clinic were paid by check signed "Duke Optometric Clinic, By Mrs. R. Spencer Duke." Mrs. R. Spencer Duke was Vida Lee Duke. Prior to the hearing before the Board, Dr. Marlow severed his connection with the Duke Optometric Clinic upon learning that Dr. Eugene H. Duke had terminated his connection with it.

It appears from the record that the trial court recognized the substantial evidence rule. While the judgment nowhere uses those exact words, it would seem that it does give practical application to the rule since it recites that appellee was employed by Dr. Eugene H. Duke, the apparent and actual operator of the Clinic, and at the time of his employment by and association with the Clinic Mrs. Vida Lee Duke was solely the business manager in charge of the accounts and records and did not directly

or indirectly engage in the practice of optometry, and that no facts existed to support the charges against appellee.

It is unnecessary to set out the evidence in detail. After considering all of it we have reached the conclusion that the court's finding that the evidence did not substantiate the charges against appellee must be sustained.

The judgment is therefore affirmed.