TEXAS STATE BOARD OF EXAMINERS
IN OPTOMETRY, Appellant,

v.

Sidney H. LANE, Appellee.

No. 15839.

Court of Civil Appeals of Texas.

Fort Worth.

Sept. 27, 1957.

Will Wilson, Atty. Gen., Texas, B. H. Timmins, Jr., Asst. Atty. Gen., and Charles M. Babb, Austin, for appellant.

Martin, Moore & Tackett, and Elvin E. Tackett, Fort Worth, for appellee.

Tilley, Hyder & Law and Thos. H. Law, Fort Worth, filed amicus curiae brief for Tarrant Dist. Optometric Soc.

RENFRO, Justice.

The Texas State Board of Examiners in Optometry, for reasons set out in its order, suspended the license of Dr. Sidney H. Lane for a period of six months. By way of appeal from such order, Lane filed suit in a district court of Tarrant County, in which he prayed for an injunction to restrain the Board from carrying out its suspension order. After the Board filed its answer in the injunction suit, Lane filed a motion for summary judgment, and accepted, for the purpose of the motion, the findings of the Board as true.

The trial court held that the findings of the Board did not disclose any violation of Sections (a), (b), (c) and (j) of Article 4563, Vernon's Ann.Civ.St., that the Board was confined under its complaint to a consideration of violations of Sections (a) and (b), and that the Board was without authority to enter the order of suspension.

From a summary judgment permanently enjoining the enforcement of the suspension order the Board appealed.

The order of the Board included findings that: 2. At the time she (Mrs. Hopkins) became a patient of Sidney H. Lane she was wearing bifocals and that her vision without glasses was approximately 20/400. 3. Over television and in newspapers Lane advertised repeatedly, "At Lane Optical one

low price includes * * * a thorough eye examination * * * finest quality lenses, guaranteed finest quality * * * frames * * * and Two Pairs of Glasses for the price of One, Get the regular twenty-dollar single vision glasses for as low as $11.70 * * * or the regular $26 bifocal glasses for as low as $14.70. Then, for just *one dollar* more Lane Optical will give you another pair of glasses of the identical prescription in regular glasses or sunglasses. You may choose different frames if you prefer, Go to Lane Optical, 108 West Fifth Street, in Fort Worth. Lane Optical is the place to get a pair and a spare for the price of one!" 4. Mrs. Hopkins went to Lane Optical and informed Lane she was interested in the two for one deal. Dr. Lane at no time showed or offered to show Mrs. Hopkins any glasses for $14.70. 5. Lane examined Mrs. Hopkins' eyes. As a result of the examination he knew her visual acuity without glasses was approximately 20/400. 6 and 7. After the examination he demanded a $5 examination fee, and on her refusal to pay said fee threatened to call a detective. 8. He then deliberately reached up and took Mrs. Hopkins' own glasses off her face, knocked them against the edge of the table, threw them down on the floor, picked them up, threw them down again and deliberately stepped on them, damaging them to the extent they were useless. 9. Upon Lane's refusal to repair the glasses, or assist her in any way she was compelled to go out on the street without glasses. Lane knew that for her to so be on the street was a threat to her life and safety.

The trial court accepted as true the above findings of fact, but as heretofore stated held that such findings did not disclose any violation of Article 4563, Sections (a), (b), (c) and (j).

Article 4563 provides the Board may suspend the operation of any license granted by it for the following reasons:

"(a) That said applicant or licensee is guilty of gross immorality;

"(b) That said applicant or licensee is guilty of any fraud, deceit or misrepresentation in the practice of optometry * * *."

Lane was given notice that he was charged with violation of the above two Sections. The incidents concerning Mrs. Hopkins were set out in full in the notice. After the hearing the Board concluded that such acts not only violated Sections (a) and (b) but also violated Sections (c) and (j) and so stated in the order.

■ While the proceedings in the district court should be confined to the violations set out in the Board's notice, see Garner v. Texas State Board of Pharmacy, Tex.Civ.App., 304 S.W.2d 530, the fact that the Board found additional violations would not vitiate the findings that (a) and (b) had been violated. The fact that the Board had found violations of other sections would not entitle the licensee to a summary judgment as a matter of law in so far as the findings of the Board concerned Sections (a) and (b).

In the district court the Board's findings were before the court in passing on the question of whether the facts, admitted for the purposes of a summary judgment proceeding, violated Sections (a) and (b).

The statute does not define gross immorality. In fact, the term has received no hard and fast definition. It has been defined as a course of conduct so reprehensible and revolting as to shock the sensibilities of reasonable men. It does not necessarily mean great or excessive immorality. 38 C.J.S. p. 1081.

Gross immorality does not necessarily mean great and excessive but rather such a "willful, flagrant and shameful quality" as renders a person unfit to hold his license. See 18A Words and Phrases, Gross Immorality, p. 488, et seq.

■ We believe the findings of the Board as heretofore summarized supported the Board's conclusions that Lane had violated Sections (a) and (b) of the statute.

Since the findings of the Board supported its order, the trial court was in error in rendering summary judgment. We reverse the summary judgment and remand the case to be tried in accordance with the rules announced and followed in State Board of Examiners in Optometry v. Marlow, Tex.Civ.App., 257 S.W.2d 761.

Reversed and remanded.