**TEXAS STATE BOARD OF DENTAL EXAMINERS, Appellant,**

v.

**Dr. J. A. FENLAW, Appellee.**

No. 16031.

Court of Civil Appeals of Texas.

Dallas.

Feb. 2, 1962.

On Rehearing March 9, 1962.

Rehearing Denied May 11, 1962.

Will Wilson, Atty. Gen., Leon Pesek, Pat Bailey and John Reeves, Assts. Atty. Gen., Austin, for appellant.

Leslie Jackson and Stanley C. Hogg, Dallas, for appellee.

DIXON, Chief Justice.

This is an appeal by the Texas State Board of Dental Examiners from a judgment of a District Court setting aside an order of the Board revoking and cancelling the license of Dr. J. A. Fenlaw to practice dentistry in the State of Texas.

The record reveals that on June 22, 1960 Dr. Fenlaw was charged with violating Sec. (g) of the second part of Art. 4549, Vernon's Ann.Civ.St. in that on or about April 18, 1960 Dr. Fenlaw, in his

dental office, permitted Archer Hamilton Fenlaw, a person not licensed to practice dentistry in the State of Texas, to extract four teeth from the mouth of one Ronald Sheffield. Following notice a hearing was held by the Board on July 22, 1960, at which hearing Dr. Fenlaw was present.

Dr. Fenlaw took an appeal to the District Court as provided by Sec. (a) of the third part of Art. 4549, V.A.C.S. After trial on June 5, 1961 before the court without a jury, judgment was entered setting aside the order of the Board cancelling Dr. Fenlaw's license. The trial was had before Judge W. L. (Jack) Thornton, Judge of the 44th District Court, who uttered the judgment, but the written decree afterwards prepared was signed by Judge Paul Peurifoy, sitting for Judge Thornton.

Most of the evidence is undisputed. On April 18, 1960 Ronald Sheffield presented himself to Dr. Emmett Johnson in Dr. Johnson's office in Dallas to have dental work done. Dr. Johnson sent Sheffield to Dr. Fenlaw's office to have some teeth extracted. In Dr. Fenlaw's office were two dental chairs, located about five feet apart. One was being used by Dr. Fenlaw himself. The other was being used by Dr. Fenlaw's 17 year old grandson, Archer Hamilton Fenlaw. The young grandson attended to Sheffield and extracted four teeth for him. Sheffield paid the grandson $10 in payment for his services and was given a receipt for said sum, the receipt being part of the record evidence before us.

Dr. Johnson, a member of the Texas State Board of Dental Examiners, had heard that Dr. Fenlaw was permitting someone to practice dentistry in his office. He sent Sheffield to Dr. Fenlaw's office to see if the report were true. Either Dr. Johnson, or the State of Texas reimbursed Sheffield for the $10 he paid the young grandson of Dr. Fenlaw.

Archer Hamilton Fenlaw, the 17 year old grandson, has a long record of juvenile delinquency. He also has spent some time in a Government hospital in Fort Worth, Texas as a narcotic addict. In connection with the present matter criminal charges were preferred against him for practicing dentistry without a license. He pled guilty and paid a fine.

Dr. Fenlaw testified that he did not know his grandson was practicing dentistry in his office. His testimony is contradicted by Sheffield, who stated that the two dental chairs are located in one room about five feet apart, and that on his visit to the office on April 18, 1960 and also on a prior visit on April 12, 1960, the two men were working side by side, each working on a dental patient seated in a dental chair.

Judge Thornton in the course of uttering the judgment made certain statements in the nature of findings of fact, which are shown in the record, which findings resolve the issue of knowledge against Dr. Fenlaw.

In its brief the Board presents two points on appeal, asserting that it was error for the trial court to set aside the Board's order cancelling Dr. Fenlaw's license because (1) the court substituted its discretion for the statutory discretion of an administrative agency; and (2) the order of the Board has reasonable support in substantial evidence.

The Board's two points are well taken. Cases such as this are controlled by the substantial evidence rule. The proceedings are not comparable to a proceeding in an ordinary civil suit in which the preponderance of the evidence is the guiding rule. The question here is whether there is substantial evidence affording reasonable support for the Board's findings and the order entered thereunder. It is a question of law. If the action of the Board finds reasonable support in substantial evidence offered in the District Court, the Court is bound to render judgment supporting the Board's order. The court may not substitute its discretion for that of the Board. Thomas v. Stanolind Oil &

Gas Co., 145 Tex. 270, 198 S.W.2d 420; Southern Canal Co. v. State Board of Water Engineers, 159 Tex. 227, 318 S.W.2d 619.

In this case we must hold, as a matter of law, that there was substantial evidence reasonably supporting the Board's decision. Therefore, it was error for the trial court to attempt to exercise discretionary authority by entering judgment setting aside the Board's order. Appellant's two points on appeal are sustained.

Appellee's counterpoints require our attention. In his first counterpoint appellee says that it was proper for the court to set aside the Board's order because the court found on ample evidence that the Board acted arbitrarily and capriciously. With this contention we cannot agree.

The trial judge in connection with his rendering judgment in this case made a statement from the bench which is part of the record before us. We quote a part of the statement:

"* * * if I was on this board I would tell him 'if we ever hear of that boy being around there, we are going back and forfeit your license.' I don't think the boy will give any more trouble in the dentist's office. * * * The point is, this old gentleman here, he is a victim of a grandson. That's the whole story. He shouldn't have let him come in there, shouldn't have let him hang around there, but I think he had in mind keeping an eye on him and to try to keep him out of jail. * * * I think it is just bad judgment and certainly he is to be criticized and condemned by the other members of the profession by letting a boy like that pull somebody's teeth and I can't understand why he would do it except that he is a grandfather—*MR. PESEK: Your honor, is it the court's position that the Board acted arbitrarily and capriciously? THE COURT: Yes, acted arbitrarily and capriciously, I think they ought to give him a chance; I*

*think they ought to have said to him: 'If you don't get rid of this boy, we are going to get rid of you.' That's the way I feel about it and that's the way I am going to rule."* (Emphasis ours.)

From the above statement it is apparent that the court found that the Board acted arbitrarily and capriciously because it ordered the Doctor's license revoked without first having given him a warning to desist from his violation of the law. The statute does not provide that a violator shall first be warned to desist from his illegal practice before the penalty provided by law may be visited upon him. The Board, not the Court, was charged with the duty of using its discretion within the limits laid down by the law in deciding what to do about Dr. Fenlaw's violation of the statute regulating the practice of dentistry. There was not ample evidence that the Board acted arbitrarily and capriciously. The Board simply took an action for which the law itself expressly provides. Appellee's first counterpoint is overruled.

Appellee in his second counterpoint says that the order of the Board did not have reasonable support in substantial evidence. We discussed this question in connection with appellant's two points on appeal and held that the Board's order was reasonably supported by substantial evidence. Appellee's second counterpoint is overruled.

In his third counterpoint appellee contends that the Board lacked jurisdiction to revoke his license because appellee was already a licensed dentist at the time of the passage of the statute now in effect, and not having exchanged his original license, is "exempted and excepted" from the terms of the present statute.

Dr. Fenlaw's license to practice dentistry in the State of Texas, issued by the Texas State Board of Dental Examiners, is dated December 31, 1909.

The statutes regulating the practice of dentistry were enacted as part of the codification of our laws in 1925. They are in two parts; one part is to be found in our

Vernon's Ann.Penal Code, Arts. 747–754c; the other part in our Civil Statutes, Arts. 4543–4551b, V.A.C.S.

Appellee in support of his third counterpoint leans heavily on Art. 752c, § 4, of the Penal Code, which provides that for certain violations of the law the Board may revoke any license *"that may have been issued by such Board."* (Emphasis ours.) Appellee says that under the above provision the present Board, created in 1925, lacks jurisdiction to revoke his license, since it was not the Board which issued his license.

Appellee also leans heavily on Art. 4548, V.A.C.S., which provides, "Nothing herein applies to any person legally engaged in the practice of dentistry in Texas at the time of passage of this law."

Also referred to by appellee is Art. 4547, V.A.C.S., which provides that any person licensed and practicing previous to the passage of the present law may, at his option, surrender his old license for a new license under the present law. Dr. Fenlaw has not surrendered his old license for a new license.

The complaint against appellee was brought pursuant to § (g) of the second part of Art. 4549, V.A.C.S. It will be observed that this statute also authorizes the Board to revoke a dental license, and it does not qualify the authority with the clause heretofore quoted, which is included in Art. 752c, § 4, of the Penal Code.

■ Do these statutes support appellee's contention that since his license was issued in 1909 prior to the date the present Act was passed, the present Board has no jurisdiction to revoke his license? In our opinion the answer is no.

■ The statutes in question are regulatory in nature. The regulation of the dental profession is an exercise of the police power and is a continuing power. Waller v. State, Tex.Civ.App., 68 S.W.2d 601, 603; Sherman, et al. v. State Board of Dental Examiners, Tex.Civ.App., 116 S.W.2d 843, 846. After a study of the 1925 Act as a whole it is our opinion that the Legislature in passing the Act plainly intended to regulate the conduct of all dentists presently practicing their profession in this State. All dentists who presently violate existing laws are answerable to present day law enforcement agencies for their violations. They are not "exempted and excepted" from such accountability, though their licenses may have been issued prior to 1925.

Our conclusion as above stated is based in part on two rules of statutory construction. The first of these rules concerns statutes which are *in pari materia,* (in relation to the same matter) as are Art. 752c, § 4, of our Penal Code and § (g) of the second part of Art. 4549, V.A.C.S.

■ In construing statutes which are *in pari materia* all parts of such statutes are to be taken and construed together in carrying out the legislative intent. If there is any conflict between their provisions the conflicts will be harmonized if reasonably possible. Love v. City of Dallas, 120 Tex. 351, 40 S.W.2d 20; Bishop v. Houston Independent School District, 119 Tex. 403, 29 S.W.2d 312; 39 Tex.Jur. 253.

■ The second rule is to the effect that an interpretation of a statute may sometimes be at variance with the literal terms of a statute. The language of a statute will ordinarily be literally construed, but when necessary to effectuate or preserve the obvious intention of the Legislature the court will depart from the exact and literal import of a statute. A literal interpretation will be avoided if reasonably possible when to give a literal interpretation would plainly thwart the purpose of the Legislature, or would lead to absurdity. State v. Dyer, 145 Tex. 586, 200 S.W.2d 813; Rogers v. Dallas Ry. & Term. Co., Tex.Civ.App., 214 S.W.2d 160; 39 Tex.Jur. 179–185.

What interpretation is properly to be given Art. 4548, V.A.C.S., hereinbefore

quoted?' In our opinion the Statute simply means that those persons who were qualified and licensed prior to 1925 will not be disturbed or interfered with in the practice of their profession. They will not be required to obtain a new license, or to take the dental examination over again. Having validly obtained their licenses under the old rules they may continue to practice under the new rules without proving their qualifications under the new rules. This view seems to us to find support in the light of the Art. 4547, which immediately precedes Art. 4548, V.A.C.S. Art. 4547 provides that any person licensed and practicing before the enactment of the present law may surrender his old license for a new license under the new law. But this exchange of the old for the new license is optional. The practitioner under the old license is not required to make the exchange.

We do not in our interpretation of Art. 4548, V.A.C.S., give the statute the broad construction for which appellee contends. We do not believe that it was the intention of the Legislature that dentists who had obtained their licenses prior to passage of the present law should be free of the police power regulations in the law, which are necessary properly to protect the public health, morals and welfare; nor was it the intention to deny the Board its jurisdiction to enforce these regulatory measures. We have found no Texas cases exactly in point. However there are cases from other jurisdictions in which a similar statute was construed in favor of the Board on the question of the Board's jurisdiction. Brun v. Lazzell, 172 Md. 314, 191 A. 240, 109 A.L.R. 1453; Triplett v. State Board of Health, 257 Ky. 848, 79 S.W.2d 226; and State v. Luscher, 157 Minn. 192, 195 N.W. 914. Appellee's third counterpoint is overruled.

In his fourth counterpoint appellee says the Board lacked authority to consider the complaint upon which it based its order, because the complaint upon which the Board based its decision does not comply with the requirements of Arts. 4549, V.A. C.S. and 752c. Complaint No. 1960–1 is shown in the transcript of the record beginning at page 15. It is sworn to by Tom A. Garner, an employee of the Board. It complies with statutory requirements. Dr. Fenlaw testified that he received a copy of the complaint and a notice of the hearing. He was present and testified at the hearing before the Board and at the trial in the District Court. The fourth counterpoint is overruled.

In his fifth counterpoint appellee claims that after the hearing of July 22, 1960 was held, the Board held another hearing on July 23, 1960 without notice to appellee. In support of this contention appellee cites us to State Board of Dental Examiners v. Fieldsmith, Tex.Civ.App., 242 S.W.2d 213, 26 A.L.R.2d 990.

The case cited by appellee is not in point. In the Fieldsmith case the Board held a hearing at Dallas on Sunday June 18, 1950 at which hearing all the evidence was heard. Thereafter another meeting was held at Mineral Wells, Texas on July 29, 1950 without notice to Fieldsmith, at which second meeting a decision was reached in Fieldsmith's case. This Court affirmed the judgment of the District Court setting aside the Board's order because (1) the hearing of June 18, 1950 was illegal, being held on Sunday; and (2) the Board could not thereafter by its decision reached at the second meeting validate the illegal hearing of Sunday June 18, 1950.

There is no similarity in the instant record to that of the Fieldsmith case. In this case the Board met on Friday July 22, 1960 at the Adolphus Hotel after notice to Dr. Fenlaw. He was present at the hearing and testified. In his pleadings appellee alleges that another hearing was held next day without notice to him. But in his testimony appellee did not claim that there was a second hearing. The Board's order recites that the Board's "findings and orders are made this the 23rd day of July 1960."

The uncontradicted testimony is that no second hearing was held in regard to appellee's case. The only testimony which touches on the matter is that of Dr. Emmett Johnson. He testified as follows:

"A Well, there was no hearing thereafter on this. Now, we had many other things to handle, and we went back into executive session the next day.

"THE COURT: You didn't have any other witnesses?

"A No, sir, no other witnesses; the case ended."

Appellee's fifth counterpoint is overruled.

The judgment of the trial court is reversed and judgment is here rendered confirming and affirming the order of the Texas Board of Dental Examiners revoking appellee's license to practice dentistry.

## ON REHEARING

DIXON, Chief Justice.

In his motion for rehearing appellee calls our attention to the recent opinion of our Supreme Court in the case of Key Western Life Insurance Co. v. State Board of Insurance, Tex., 350 S.W.2d 839.

In the above case the Supreme Court held that an appeal de novo to the District Court from an order of the State Board of Insurance Commissioners should have been tried under the preponderance of evidence rule rather than the substantial evidence rule. We have carefully considered the opinion and have concluded the holding of our Supreme Court there is not applicable here.

Art. 3.42(g) and Art. 21.44 of Sub-Chapter F, V.A.T.S. Insurance Code, as amended in 1957 and 1955 respectively, provide for appeals from orders of the Board of Insurance Commissioners. Art. 21.44 includes this provision: "The action shall not be limited to questions of law and the substantial evidence rule shall not apply, but such action shall be tried and determined upon a trial de novo to the same extent as now provided for in the case of an appeal from the Justice Court to the County Court." The Supreme Court held that the above provision was not unconstitutional, and should have been complied with by the District Court.

The Legislature has not seen fit to include such a provision as the above in our laws relating to appeals from the State Board of Dental Examiners. Section (a) of the third part of Art. 4549, V.A.C.S. and Sec. 5 of Art. 752c of our Penal Code provide for appeals from the Board to the District Court. They state "Such District Court shall thereafter and under the rules of procedure applicable to other civil cases, proceed to set such cause for hearing as in other civil cases." The above language has been in the statutes pertaining to dentistry since 1937.

Does such language, or similar language, mean that the trial in the District Court shall be under the preponderance of evidence rule rather than the substantial evidence rule? By judicial construction the answer has been given in favor of the substantial evidence rule. Texas State Board of Dental Examiners v. Fieldsmith, Tex.Civ.App., 242 S.W.2d 213 (Syl. 2), 26 A.L.R.2d 990; Tamez v. State Board of Dental Examiners, Tex.Civ.App., 154 S.W.2d 976 (Syl. 8). Similar interpretations have been given to other but similar statutes. Garner v. Texas State Board of Pharmacy, Tex.Civ.App., 304 S.W.2d 530 (Syl. 2); State Board of Examiners in Optometry v. Marlow, Tex.Civ.App., 257 S.W.2d 761 (Syl. 2); Jones v. Marsh, 148 Tex. 362, 224 S.W.2d 198.

Our Legislature has met several times since the above opinions were rendered. With knowledge of such opinions the Legislature has not seen fit to amend our statutes relating to the practice of dentistry as it has amended our Insurance Code in

such manner as to abolish the substantial evidence rule in appeals from orders of the Insurance Board.

We are of the opinion that the substantial evidence rule is still in effect in regard to appeals to the District Court from an order of the State Board of Dental Examiners revoking a license.

The motion for rehearing is overruled.

## ON SECOND MOTION FOR REHEARING

In a second motion for rehearing appellee points out that Art. 4549, V.A.C.S., contains this language:

> "Upon the hearing of such cause, if such Court shall find that the action of such Board, in revoking or suspending such license or licenses is not well taken, such Court shall by appropriate order and judgment set aside such action of said Board; but if such Court *or jury* shall sustain such action of said Board in revoking or suspending such license or licenses an order shall be made and entered in appropriate form sustaining and affirming the action of such Board; *provided, however, that the person or persons whose license shall have been so revoked or suspended may waive the impanelling of a jury, from which order an appeal may be taken to the Court of Civil Appeals, as in other civil causes."* (Emphasis ours.)

Appellee argues that since the Statute provides for a jury trial, the substantial evidence rule is not applicable.

The present Statute was amended in 1951, the amendment becoming effective 90 days after June 8, 1951, the date of adjournment of the Legislature. The caption of the amending act makes no reference to a jury trial. General and Special Laws, 52nd Legislature, 1951, Chapter 267,

§ 2, pp. 427–434. The cases of Texas State Board of Dental Examiners v. Fieldsmith, Tex.Civ.App., 242 S.W.2d 213, 26 A.L.R.2d 990; and Tamez v. State Board of Dental Examiners, Tex.Civ.App., 154 S.W.2d 976 were both decided prior to the effective date of the amendment of 1951.

However, the Statute had previously been amended in 1941. General and Special Laws, 47th Legislature, 1941, Chapter 605, § 1, pp. 1336–1339. This 1941 amendment also permitted a jury trial in substantially the same language as above quoted in the amendment of 1951. The two cases above cited were decided while the 1941 amendment was in effect. The cited cases are not exactly in point for they refer only to Arts. 747, 752b(c) and (o) and 752c, § 4 of our Penal Code, Vernon's Ann.P.C. They do not refer to Art. 4549, V.A.C.S. And the Articles in the Penal Code make no reference to trial by jury in respect to the revoking or cancelling of a license to practice dentistry.

So far as we know our Supreme Court has not made a judicial determination interpreting the Statutes in question in regard to the applicability of the substantial evidence rule.

If this were a matter of first impression we might be inclined to interpret the Statutes to mean that the substantial evidence rule is not applicable in cases involving the revocation of a license to practice dentistry. But in the light of the holdings in the Fieldsmith and the Tamez cases, supra, by Courts of Civil Appeals, and in view of the fact that our Legislature has not seen fit to amend the dental statutes in the plain manner it amended the Insurance Code by Art. 21.44, we shall adhere to our original holding that the substantial evidence rule is applicable here.

Appellee's second motion for rehearing is overruled.