

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

October 13, 1969

Honorable Frank R. Nye, Jr.            Opinion No. M-489
District Attorney
229th Judicial District                Re:  The construction of
Rio Grande City, Texas                      Section 5 of House Bill
                                            292, Acts 61st Legisla-
                                            ture, Regular Session,
                                            1969, Chapter 239, page
                                            292, relating to the
                                            terms of grand and petit
                                            jurors for the 229th Judi-
Dear Mr. Nye:                               cial District Court.

In your recent letter you requested the opinion of this office with regard to the proper interpretation to be placed on a portion of House Bill 292, Acts of the 61st Legislature, Regular Session, 1969, Chapter 239, page 697. This Act created a new judicial district, the 229th Judicial District, and reorganized the 49th and 79th Judicial Districts.

Your concern is with the 229th Judicial District and you note that Section 3 of the Act creates the 229th Judicial District. In Section 3 of the Act, the terms for the 229th District Court are set as follows:

"Sec. 3.  The terms of the 229th District Court shall be:
"(a)  In the County of Duval, beginning on the first Monday in February and the first Monday in August of each year, and each term of the court shall continue until the beginning of the next term.
"(b)  In the County of Starr, beginning on the first Monday in April and the first Monday in October of each year, and each term of the court shall continue until the beginning of the next term.
"(c)  In the County of Jim Hogg, beginning on the first Monday in June and the first Monday in December of each year, and each term of the court shall continue until the beginning of the next term.
"    . . ."

- 2330 -

Then in Section 5 of the Act, the Legislature provided that:

> "Sec. 5.  All grand and petit juries drawn
> and selected under existing laws for Duval,
> Starr and Jim Hogg Counties shall be considered
> lawfully drawn and selected for the next en-
> suing  term of the 229th District Court."

With regard to above cited Section 5, you ask the following question:

> "Under the terms of the statute must
> the District Court retain the present
> grand jury for the next ensuing term
> or may the District Judge vacate the
> existing grand jury and appoint a new
> jury commission to name a new grand
> jury?"

In interpreting the language of Section 5, quoted above, it should be first observed that the 229th Judicial District was constituted by the removal of Jim Hogg County from the 49th Judicial District and Duval and Starr Counties from the 79th Judicial District.  It should further be noted that House Bill 292 became effective September 1, 1969.

Before the passage of the Act under discussion, the terms of court as prescribed for the 49th Judicial District included a term for Jim Hogg County commencing on the first Mondays in March, June, and October, and so the June term was still in effect at the time the instant Act became effective. See Article 199, Subdivision 49, V.A.C.S., since the sub-division was written before being amended by House Bill 292, the legislation presently under consideration.  More-over, the grand jury selected for the term under the pro-visions of Article 19.01, V.C.C.P. et seq, was still legally in session.

Likewise, the terms of court set for the 79th Judicial District, before September 1, 1969, included terms for Starr and Duval Counties, which did not begin or end on the effec-tive date of House Bill 292.  See Article 199, Subdivision 79, V.A.C.S., since the subdivision was written before the passage of House Bill 292.  Accordingly, there were terms of court in Starr and Duval Counties still in mid-point on September 1, and there were grand juries still con-stituted for such terms.

It is the opinion of this office that the language in
Section 5 of House Bill 292 that "the grand and petit jurors
drawn under the existing laws for Duval, Starr and Jim Hogg
Counties shall be considered lawfully drawn for the next
ensuing term of the 229th District Court" must logically
mean that these jurors are considered legally able to act
in their respective capacities from September 1, 1969,
when the 229th Judicial District came into legal existence
until the next terms of court for these three counties
involved as set by House Bill 292, i.e.,

from September 1, 1969, to the first Monday in February,
1970, in the case of Duval County,
from September 1, 1969, to the first Monday in October,
1969, in the case of Starr County, and
from September 1, 1969, to the first Monday in December,
1969, in the case of Jim Hogg County.

As of September 1, 1969, the 229th Judicial District
Court began its existence and commenced to dispose of cases
previously filed in Duval, Starr and Jim Hogg Counties as
well as cases filed in these Counties after September 1.
This judicial business in each of the respective counties
necessarily constitutes a term of the 229th Judicial
District Court; these terms are the terms of the court
"next ensuing" after the effective date of House Bill 292.
During these terms of court, the grand and petit jurors
previously selected under prior laws may and shall validly
serve in their particular capacities.

The only other possible interpretation of Section 5 of
House Bill 292 would be that jurors previously drawn and
selected for the counties involved would serve, not only
from September 1, 1969, until the next term as prescribed
by House Bill 292, but also for the next term as well.
This would mean that for Duval County, jurors would serve
from the first Monday in April, 1969, until the first
Monday in February, 1970, when the new term will start
for the 229th Judicial District, and then serve for this
February term until the first Monday in August, 1970, a
total service of some sixteen months. There would be
additional service for jurors in Starr and Jim Hogg Coun-
ties, although not as lengthy as in the case of Duval
County jurors.

It is presumed that the Legislature, when House Bill
292 was enacted, did not intend to require an absurd,
foolish or unreasonable thing, nor did they intend to

require that which would lead to an injustice. Dental Examiners v. Fenlow, 357 S.W.2d 185, (Tex. Civ. App. 1962, no writ); Rogers v. Dallas Railroad and Terminal Co., 214 S.W. 2d 160 (Tex. Civ. App. 1948, no writ). Therefore, any interpretation that would require some jurors to serve sixteen months must be rejected.

Accordingly, as earlier noted above, the presently selected grand and petit jurors of Duval, Starr and Jim Hogg Counties will serve the 229th Judicial District Court only from September 1, 1969, until the beginning of new terms in those counties as fixed by Section 3 of House Bill 292, unless the court orders that the terms of the grand jurors be extended as is provided for by Article 19.07, Vernon's Code of Criminal Procedure.

### SUMMARY

Grand and Petit jurors selected for Jim Hogg County by the 49th Judicial District Court and for Duval and Starr Counties by the 79th Judicial District Courts are legally selected jurors for the 229th Judicial District Court from September 1, 1969, until a new term of court begins in such counties as provided for by Section 3 of House Bill 292, Acts, 61st Legislature, Regular Session, 1969, Chapter 239, Page 697.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Lonny F. Zwiener
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman

Monroe Clayton
Charles Parrett
Fisher Tyler
Bob Lattimore

Honorable Frank Nye, Jr., Page 5, (M- 489 )


MEADE F. GRIFFIN
Staff Legal Assistant

HAWTHORNE PHILLIPS
Executive Assistant

NOLA WHITE
First Assistant