

# The Attorney General of Texas

November 26, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Phillip D. Creer, FAIA
Executive Director
Texas Board of Architectural
  Examiners
5555 N. Lamar Boulevard
Austin, Texas 78751

Opinion No. MW-280

Re: Transfer of property of the Board of Landscape Architects

Dear Mr. Creer:

You have requested our opinion regarding the transfer of property of the Board of Landscape Architects.

Effective September 1, 1979, the Texas State Board of Landscape Architects was consolidated with the Texas Board of Architectural Examiners. S.B. 551, Acts 1979, 66th Leg., ch. 619, at 1393. The statute stated:

> The Texas State Board of Landscape Architects is consolidated with the Texas Board of Architectural Examiners. The functions of and the records and other property in the custody of the landscape architects board are transferred to the architectural examiners board. Except as provided by Subsection (b), Section 10 of this Act, the offices of the members of the landscape architects board are abolished.

Thus, as of September 1, 1979, the Board of Architectural Examiners became the successor in interest of the Board of Landscape Architects. The statute also provides:

> All sums of money paid to the board under the provisions of this Act, shall be deposited in the treasury of the State of Texas, and placed in a special fund to be known as the Landscape Architects Fund, formerly known as the Texas State Board of Landscape Architect's and Irrigator's Fund, and may be used only for the administration of this Act.

Id., codified as article 249c, section 10, V.T.C.S.

The General Appropriations Act for the 1979-81 biennium, also effective September 1, 1979, contains the following rider to the appropriation for the Texas Board of Irrigators:

> Effective September 1, 1979, 50 percent of the funds and property credited to the Board of Landscape Architects and Irrigators Fund shall be transferred by the State Treasurer to the Board of Irrigators Fund to be used for the purposes of this appropriation.

H.B. 558, Acts 1979, 66th Leg., ch. 843, at 2671. This rider does not enact general law, but merely directs the use of appropriated funds. See Attorney General Opinions MW-133 (1980); MW-51 (1979). It requires that one-half of all funds and property credited to the Board of Landscape Architects and Irrigators Fund be transferred to the Board of Irrigators Fund created by section 6(a) of article 8751, V.T.C.S. Although the name of the Board of Landscape Architects and Irrigators Fund was simultaneously changed to the Landscape Architects Fund, we do not believe that this change evidences any conflict between the two statutory provisions. Indeed, it demonstrates that the legislature was attempting to divide equally the proceeds of a fund formerly shared by the two agencies.

The two statutes at issue here were enacted at the same legislative session, took effect on the same date, and relate to the same subject matter. Consequently, they are in pari materia with each other and must be construed together in carrying out the legislative intent. Any conflict between them should be harmonized if it is reasonably possible to do so. Allen v. Texas Department of Public Safety, 411 S.W. 2d 644, 646 (Tex. Civ. App. - Texarkana 1966, no writ); Texas State Board of Dental Examiners v. - Fenlaw, 357 S.W. 2d 185, 189 (Tex. Civ. App. - Dallas 1962, no writ); Roby v. Hawthorne, 84 S.W. 2d 1108, 1110 (Tex. Civ. App. - Dallas 1935, writ dism'd w.o.j.).

In our opinion, there is no conflict between the two provisions. When read together, they clearly require that one-half of the funds and property credited to the Board of Landscape Architects and Irrigators Fund be transferred to the Board of Irrigators Fund, effective September 1, 1979. The remaining funds and property remain in the custody and control of the Landscape Architects Fund, as successor in interest of the Board of Landscape Architects and Irrigators Fund.

## SUMMARY

One-half of the funds and property credited to the Board of Landscape Architects and Irrigators Fund should have been transferred to the Board of Irrigators Fund, effective September 1, 1979. The remaining funds and property remained in the custody and control of the Landscape Architects Fund, as successor in interest of the Board of Landscape Architects and Irrigators Fund.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Acting Chairman
Jon Bible
Rick Gilpin
Bruce Youngblood