Honorable Phillip D. Creer, FAIA Executive Director Texas Board of Architectural Examiners 5555 N. Lamar Boulevard Austin, Texas 78751
Re: Transfer of property of the Board of Landscape Architects
Dear Mr. Creer:
You have requested our opinion regarding the transfer or property of the Board of Landscape Architects.
Effective September 1, 1979, the Texas State Board of Landscape Architects was consolidated with the Texas Board of Architectural Examiners. S.B. 551, Acts 1979, 66th Leg., ch. 619, at 1393. The statute stated:
 The Texas State Board of Landscape Architects is consolidated with the Texas Board of Architectural Examiners. The functions of and the records and other property in the custody of the landscape architects board as transferred to the architectural examiners board. Except as provided by Subsection (b), Section 10 of this Act, the offices of the members of the landscape architects board are abolished.
Thus, as of September 1, 1979, the Board of Architectural Examiners became the successor in interest of the Board of Landscape Architects. The statute also provides:
 All sums of money paid to the board under the provisions of this Act, shall be deposited in the treasury of the State of Texas, and placed in a special fund to be known as the Landscape Architects Fund, formerly known as the Texas State Board of Landscape Architect's and Irrigator's Fund, and may be used only for the administration of this Act.
Id., codified as article 249c, section 10, V.T.C.S.
The General Appropriations Act for the 1979-81 biennium, also effective September 1, 1979, contains the following rider to the appropriation for the Texas Board of Irrigators:
 Effective September 1, 1979, 50 percent of the funds and property credited to the Board of Landscape Architects and Irrigators Fund shall be transferred by the State Treasurer to the Board of Irrigators Fund to be used for the purposes of this appropriation.
H.B. 558, Acts 1979, 66th Leg., ch. 843, at 2671. This rider does not enact general law, but merely directs the use of appropriated funds. See Attorney General Opinions MW-133 (1980); MW-51 (1979). It requires that one-half of all funds and property credited to the Board of Landscape Architects and Irrigators Fund be transferred to the Board of Irrigators Fund created by section 6(a) of article 8751, V.T.C.S. Although the name of the Board of Landscape Architects and Irrigators Fund was simultaneously changed to the Landscape Architects Fund, we do not believe that this change evidences any conflict between the two statutory provisions. Indeed, it demonstrates that the legislature was attempting to divide equally the proceeds of a fund formerly shared by the two agencies.
The two statutes at issue here were enacted at the same legislative session, took effect on the same date, and relate to the same subject matter. Consequently, they are in pari materia with each other and must be construed together in carrying out the legislative intent. Any conflict between them should be harmonized if it is reasonably possible to do so. Allen v. Texas Department of Public Safety, 411 S.W.2d 644, 646
(Tex.Civ.App.-Texarkana 1966, no writ); Texas State Board of Dental Examiners v. Fenlaw, 357 S.W.2d 185, 189
(Tex.Civ.App.-Dallas 1962, no writ); Roby v. Hawthorne,85 S.W.2d 1108, 1110 (Tex.Civ.App.-Dallas 1935, writ dism'd w.o.j.).
In our opinion, there is no conflict between the two provisions. When read together, they clearly require that one-half of the funds and property credited to the Board of Landscape Architects and Irrigators Fund be transferred to the Board of Irrigators Fund, effective September 1, 1979. The remaining funds and property remain in the custody and control of the Landscape Architects Fund, as successor in interest of the Board of Landscape Architects and Irrigators Fund.
 SUMMARY
One-half of the funds and property credited to the Board of Landscape Architects and Irrigators Fund should have been transferred to the Board of Irrigators Fund, effective September 1, 1979. The remaining funds and property remained in the custody and control of the Landscape Architects Fund, as successor in interest of the Board of Landscape Architects and Irrigators Fund.
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Richard E. Gray III Executive Assistant Attorney General
 Prepared by Rick Gilpin Assistant Attorney General