# NATIONAL LEAGUE OF CITIES ET AL. v. BRENNAN, SECRETARY OF LABOR

No. A–553.  Decided December 31, 1974

See: 406 F. Supp. 826.

MR. CHIEF JUSTICE BURGER, Circuit Justice.

This matter came to me as an individual Circuit Justice for the District of Columbia Circuit after the close of regular business hours of this Court on Tuesday, December 31, 1974, on a motion of the above-named applicants, States and municipalities, the National League of Cities, and the National Governors' Conference. The application of said parties requests a stay of those parts of the 1974 Amendments to the Fair Labor Standards Act, Pub. L. 93–259, 88 Stat. 55, amending 29 U. S. C. § 201 *et seq.*, which go into effect January 1, 1975, a stay of the regulations promulgated by the Secretary of Labor, 29 CFR Part 553, 39 Fed. Reg. 44142, Employees of Public Agencies Engaged in Fire Protection or Law Enforcement Activities, including security personnel in correctional institutions of said States and municipalities, and an injunction against enforcement by

the Secretary of Labor, or by any other person in any federal court, to enforce parts of the said 1974 Amendments to the above-described Act, which went into effect May 1, 1974.

The above-entitled case was filed in the United States District Court for the District of Columbia on December 12, 1974. A three-judge District Court was convened and on Monday, December 30, 1974, heard arguments on plaintiffs' and plaintiff intervenors' (all of whom, except for plaintiff intervenor State of California, are applicants on this application) application for a preliminary injunction. Earlier today an order was entered, denying a preliminary injunction and dismissing the complaint in the above-entitled action.

The three-judge District Court in denying the relief on the day after it heard arguments expressed the view that the complaint raised "a difficult and substantial question of law" but concluded that it was bound by this Court's holding in *Maryland* v. *Wirtz,* 392 U. S. 183 (1968).

In light of the pervasive impact of the judgment of the District Court on every state and municipal government in the United States, the novelty of the legal questions presented, the expressed concern of the District Court as to the substantiality of the constitutional questions raised, the brevity of time available to the District Court and to me as Circuit Justice, and the extent and nature of the injury to the applicants, it is not appropriate to take final action as an individual Justice.

Against this background, and balancing the injury to the contemplated enforcement of the regulations by the Secretary, against the injury to the applicants if they are ultimately successful, and sharing the doubts and concerns articulated by the District Court, I am not prepared—less than five hours before the regulations of the

Secretary become effective—to do more than enter an interim order granting the relief prayed for until the application can be presented to the full Court at the earliest convenient date. At that time the entire matter can be considered with the benefit of a response from the Solicitor General on behalf of the Secretary.

Accordingly, an order will be entered forthwith, granting the relief prayed for until further order of the Court and referring the application to the full Court.

The Solicitor General has been directed to file any response he desires to make on or before Wednesday, January 8, 1975.