

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

July 22, 1975

The Honorable W. J. Estelle, Jr.
Director
Texas Department of Corrections
Huntsville, Texas 77340

Opinion No. H- 645

Re: Computation of hourly
rate of pay.

Dear Mr. Estelle:

You have requested our opinion concerning the proper method by which the hourly rate of pay should be determined from a monthly salary. Specifically you ask:

> Should the hourly rate of pay for a state employee be
> determined by dividing the monthly pay by the hours
> of work required for any given month?
> In calculating the hourly rate of compensation for any
> given month, would the number of hours to be worked
> be reduced by eight hours per legal holiday per month
> in arriving at the hourly rate?

The Comptroller of Public Accounts is charged with the duty to:

> [s]uperintend the fiscal concerns of the State, as the
> sole accounting officer thereof, and manage the same
> in the manner required by law. V. T. C. S. art. 4344(3).

Accordingly, in our opinion the Comptroller has the responsibility to determine the proper method for computation of hourly rates of pay pursuant to which he is to issue warrants.

In Attorney General Opinion H-465(1974) we noted that the Fair Labor Standards Act had been made applicable to state employees. Consequently, we held that the hourly rate of pay for overtime purposes must be computed in accordance with federal statutes. However, the application of the 1974 amendments to the FLSA has been stayed. National League of Cities v. Brennan, 95 S. Ct. 532 (1974). Thus the ultimate application of the FLSA to the state will depend on the result of that pending case. The normal method of computation under the FLSA is to multiply the monthly salary by twelve, divide by 52 and then divide by the usual number of work hours in a week. Attorney General Opinion H-465. However, the Department of Labor has issued regulations

p. 2834

permitting the use of alternative methods which involve the same general mathematical concepts. In particular, 29 C.F.R. 548.3(a)(1973) permits the use of an hourly rate which is computed each month rather than over an entire year, providing:

> (a) A rate per hour which is obtained by dividing a monthly or semi-monthly salary by the number of regular working days in each monthly or semi-monthly period and then by the number of hours in the normal or regular workday. Such a rate may be used to compute overtime compensation for all the overtime hours worked by the employee during the monthly or semi-monthly period for which the salary is paid.

See also, 29 C.F.R. 778.113 (b), which provides that the resultant rate in such a case must not be less than the statutory minimum wage. The Comptroller has determined the "monthly" alternative to be the most reasonable and the fairest method when utilized for general purposes. We note that no one method works perfectly in all instances. While the "monthly" alternative results in some monthly variation in hourly rates, the "yearly" alternative is difficult to use in a partial month computation. We do not doubt that the utilization of one method for all purposes is the most practical approach, and in our view the Comptroller's determination should not be disturbed unless it is clearly unreasonable. In light of the regulations of the Department of Labor, in our view the "monthly" alternative is clearly reasonable. Consequently, we answer your first question in the affirmative. But see article V, § 2, of S.B. 52 (1975), the General Appropriations Act enacted by the 64th Legislature which generally will require the hourly rate to be determined by dividing the annual salary by 2080 hours (ie., 52 weeks x 40 hours/week). That computation will be required beginning September 1, 1975.

Your second question concerns the effect of a legal holiday on the hourly rate for a particular month. The Comptroller has determined that a holiday would have no effect on the computation in that the holiday would be included in the number of working days within the particular month. In our view this determination is entirely correct. A method which excluded holidays from the total work days in a month would result in a higher hourly rate. We do not believe that the Legislature in providing for paid holidays intended to raise the hourly rate beyond what it otherwise would be. In addition, the Department of Labor has interpreted their regulations to require the conclusion reached by the Comptroller. 29 C.F.R. 548.301 (b), Example. Accordingly, it is our opinion that holidays are to be included as "regular working days" in the computation of hourly rates of pay.

## SUMMARY

The Comptroller may determine the hourly rate of pay from a monthly salary by dividing the monthly salary by the number of regular working days in each month, including holidays, and then dividing the result by the number of hours in the normal workday.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jad: