

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

September 29, 1976

The Honorable Bob Bullock
Comptroller of Public Accounts
L.B.J. State Office Building
Austin, Texas   78774

Opinion No. H-883

Re:  Disposition of
compensatory time accrued
by state employees while
the constitutionality of
the 1974 amendments to
the Fair Labor Standards
Act was being litigated.

Dear Mr. Bullock:

You have requested our opinion regarding the disposition
of compensatory time accrued by state employees during the
pendency of the litigation attacking the constitutionality
of the 1974 amendments to the Fair Labor Standards Act.   In
1974, Congress enacted legislation, effective January 1,
1975, which applied the overtime provisions of the Fair Labor
Standards Act to all state employees not previously covered
thereby.   29 U.S.C. § 201, et seq.   On December 31, 1974,
Chief Justice Burger issued an interim order staying the
operation of this legislation.  National League of Cities,
Inc. v. Brennan, 419 U.S. 1321 (1974).   Such order was continued
by the full Supreme Court on January 13, 1975, 419 U.S. 1100
(1975), and remained in effect until the Court's decision
on the merits on June 24, 1976.   In that decision, National
League of Cities v. Usery, 49 L.Ed.2d 245 (1976), the Supreme
Court held unconstitutional those portions of the Fair Labor
Standards Act which required states to pay their employees
premium rates for overtime work.  You first inquire as to
whether the State of Texas may pay its employees for overtime
accrued during the period of the stay order, January 1, 1975
to June 24, 1976.

The current General Appropriations Act provides, in section 2e of article V:

> In order to reimburse employees for work performed in excess of the working hours required by Acts, 1963, 58th Legislature, page 184, Chapter 104 (codified as Article 5165a, V.A.C.S.), it is required that compensatory time be granted at the rate of 1 1/2 times the overtime performed within the same month (pay period) that said overtime was accrued. . . .[A]ny agency or institution subject to the Fair Labor Standards Act, as amended, is authorized to reimburse employees for all authorized overtime by granting compensatory time as specified or by paying money from funds appropriated by this Act at the rate of 1 1/2 times the regular rate for the overtime performed.  Acts 1975, 64th Leg., ch. 743 at 2846.

The language of the rider permits "any agency or institution subject to the Fair Labor Standards Act . . . to reimburse its employees" either by a grant of compensatory time or by direct payment of money.  In our opinion, however, this language does not apply to any state agency covered by Chief Justice Burger's stay order of December 31, 1974, since those agencies were never subject to the Act.  We conclude, therefore, that the State may not pay its employees for overtime accrued during the period between January 1, 1975 and June 24, 1976.

You also ask whether compensatory time must be granted during the same pay period in which it is accrued, and if so, how this requirement should be applied for the period of the Supreme Court's stay order.  The rider requires that "compensatory time be granted at the rate of 1 1/2 times the overtime performed within the same month (pay period) that said overtime was accrued."  This provision is independent of whether an employee is subject to the Fair Labor Standards Act.  Furthermore, it permits no discretion to the employing agency.  It is required that employees who perform work in excess of normal working hours be granted compensatory time.

If the rider is interpreted according to its literal language, compensatory time must be granted, without exception, within the same pay period as it is accrued.  See Attorney General Opinion H-382 (1974).  In our opinion, however, this requirement should be read as a general guideline for the grant of compensatory time and not as an inflexible rule admitting of no exception.  For example, an employee might be required to perform overtime work on the last day of a pay period.  Unless the rule is sufficiently flexible to permit the employee to be granted compensatory time during the following pay period, he will not be compensated at all for the overtime performed, a result which the rider prohibits. Nor do we believe that the Legislature intended such an inequitable result.  As we noted in Attorney General Opinion H-687 (1975), the Texas Supreme Court considers that the "paramount rule" in construing a statute is to ascertain and give effect to the intention of the Legislature, even when such a result requires a departure from the literal language of a statute.  See Mason v. West Texas Utilities Co., 237 S.W.2d 273, 278 (Tex. Sup. 1951); Dolan v. Walker, 49 S.W.2d 695, 697 (Tex. Sup. 1932); Texas State Board of Dental Examiners v. Fenlaw, 357 S.W.2d 185, 189 (Tex. Civ. App. -- Dallas 1962, no writ).  It is thus our view that, while an agency should, whenever it is reasonably possible to do so, grant compensatory time to its employees in the same pay period as that in which it is accrued, it should also be mindful that the Legislature has directed that employees be compensated for overtime performed.  If it is not possible to award such compensation during the same pay period, we believe that the agency may grant it for some subsequent pay period.

As to the period from January 1, 1975 to June 24, 1976, it is apparent that compensatory time should not ordinarily be taken by an employee so long after it has been accrued. We believe however, that, we should not hold as a matter of inflexible law that an agency could not grant compensatory time for overtime performed during this period.  See Attorney General Opinion H-245 (1974).

You also ask about the disposition of compensatory time accrued by state employees who have transferred to another state agency.  The General Appropriations Act permits inter-agency transfer of vacation and sick leave credit.  Acts 1975,

64th Leg., ch. 743, art. V, § 7e at 2846.   However, we are unable to locate any authority which would authorize the interagency transfer of compensatory time, and it is thus our opinion that it cannot be transferred.

Finally, you inquire about compensatory time accrued during the period of the stay order by former state employees who have since terminated.   It is obvious that such persons may not now be granted compensatory time.   It is clear, however, as we have noted previously, that the rider prohibits payment for overtime accrued, since state employees covered by the stay order were never subject to the Fair Labor Standards Act.   Thus, we conclude that persons who have been separated from state employment are not entitled to payment for overtime performed during the period between January 1, 1975, and June 24, 1976.

S U M M A R Y

Persons who earned compensatory time during the period of the stay order of the United States Supreme Court pending its decision in National League of Cities v. Usery were not necessarily required to take such compensatory time during the month in which it was earned.   There is no provision for the transfer of compensatory time between agencies when an employee transfers from one agency to another.   Persons who terminated state employment without exhausting compensatory time are not now entitled to be paid for it.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb