## SOVEREIGN CAMP, W. O. W., v. CORPUS.

### No. 10411.

Court of Civil Appeals of Texas. San Antonio.

Jan. 4, 1939.

Rehearing Denied Jan. 25, 1939.

Henry, Bickett & Bickett, of San Antonio, for appellant.

Charles J. Lieck, J. Otis Calvert, and William E. Calvert, all of San Antonio, for appellee.

MURRAY, Justice.

This suit was instituted by Carmen G. de Corpus against the Sovereign Camp of the Woodmen of the World, seeking to recover the face value of a benefit certificate, or contract of insurance, issued upon the life of her husband, Lazaro Corpus.

The trial was before the court without the intervention of a jury and resulted in judgment in favor of appellee, Carmen G. de Corpus, for the sum of $1000, together with the statutory penalty and reasonable attorney's fees. The Sovereign Camp of the Woodmen of the World has appealed.

Appellant presents but one proposition, or point, which is as follows: "Where the contract between a fraternal benefit society and a member provided that a certificate of insurance would be null and void and of no effect if the member died in consequence of a violation of the laws of the state or of the United States, and where the overwhelming weight and preponderance of the evidence showed that the member was killed while making an assault on a peace office who had theretofore placed him under arrest and who was then endeavoring to confine him in jail, there was no liability against the society upon the certificate of insurance."

The trial court made very full and comprehensive findings of fact. It appears from these findings of fact that Lazaro Corpus was unlawfully arrested, without a warrant, on the 23d day of July, 1936, by one S. D. Dedeker, who was city marshal of the City of Luling, Caldwell County; Corpus resisted and a scuffle followed, during which Corpus was accidentally shot and killed. Dedeker had been informed by one Ethridge that Corpus had drawn a knife on one Watts. The offense did not occur in the presence of the officer and under all the facts his attempted arrest of Corpus was unlawful, as found by the trial court. The trial court further found that Lazaro Corpus did not use more than necessary force in resisting this unlawful arrest. The evidence supports all of these findings and there are no propositions of law presented by appellant contending that the evidence is insufficient to support such findings. It is therefore apparent that La-

zaro Corpus was not violating any law of this State, or of the United States, in using reasonable means to effect his release from an unlawful arrest.

Accordingly, the judgment of the trial court will be affirmed.

EDWARD W. SMITH, C. J., disqualified and did not participate in the decision of this case.