Calvin H. GARNER, Appellant,

v.

TEXAS STATE BOARD OF PHARMACY,
Appellee.

No. 3326.

Court of Civil Appeals of Texas.

Eastland.

June 28, 1957.

Rehearing Denied July 26, 1957.

**531**

Harvey L. Hardy, Beiry & Biery, San
Antonio, for appellant.

Hubert W. Green, Jr., Criminal Dist. Atty., Kenneth C. Farnsworth, Asst. Criminal Dist. Atty., San Antonio, for appellee.

COLLINGS, Justice.

Calvin H. Garner a licensed pharmacist, was charged by the Texas State Board of Pharmacy with the offense of permitting another to use his license in filling a prescription for barbiturates, in violation of Vernon's Ann.Civ.St. Article 4542a, Sec. 12(f). A hearing was had by the Board at the Baker Hotel in Dallas, Texas, on March 28, 1956. After hearing and deliberation the Board ordered Garner's license to practice pharmacy revoked and he filed his appeal from the action of the Board in the District Court of Bexar County. Upon a trial before that court without a jury judgment was entered sustaining the action of the Board. Garner has brought this appeal.

The Texas State Board of Pharmacy has filed a motion to dismiss Garner's appeal. Under the provisions of Article 4542a, supra, such an appeal is required to be made within twenty days after the effective date of the order of the Board. In this connection it appears that at the conclusion of the hearing on March 28, 1956, but before the Board had taken any action, Garner was told that he was "excused" and that in due time he would "hear from the Board". In compliance with this seeming request to leave the hearing Garner did leave and the first information that he had concerning the action of the Board was when he received a letter some days later. After Garner's departure from the hearing the Board proceeded with its deliberation. A motion was made and seconded that Texas Pharmacist's License No. 9852 issued to Calvin H. Garner be revoked and upon a vote the motion was carried unanimously. Thereafter, on April 2, 1956, the Board addressed to Garner the following letter:

"This will inform you of action taken by this Board after hearing held on

March 28th at the Baker Hotel in Dallas under which your pharmacist's license No. 9852 is revoked. We request that license be forwarded to us immediately."

On April 18, 1956, Garner filed his appeal from the action of the Board in the District Court of Bexar County, the place of his residence. Appellee contends that the effective date of the Board's order revoking Garner's license was on March 28, 1956, at the time of the hearing and affirmative vote which was more than twenty days prior to April 18, 1956, when Garner's appeal was filed in the District Court and that the appeal should, therefore, be dismissed. We cannot agree with this contention. In our opinion the date of the affirmative vote of the Board to cancel Garner's license was not the effective date of the Board's order as contemplated by the statute. In 73 C.J.S. Public Administrative Bodies and Procedure § 193, p. 541, it is stated:

"Where a statute provides for judicial review of a decision of an agency in the manner prescribed within a specific number of days after delivery of the decision or after the date set by the agency as the effective date of the decision, the mere denial of the petition does not constitute the setting of an effective date, but there must be some affirmative action by the agency to start the period after the effective date running."

Appellant was requested to leave the hearing on March 28, 1956. He was advised that in due time he would be informed of any action taken by the Board. He was, thereafter, informed by letter dated April 2, 1956, that "after hearing held on March 28 * * *" his license was revoked. This letter, although ambiguous, is certainly subject to the interpretation and might well lead one to believe that the revocation of appellant's license took place on April 2, 1956. Under the circumstances we hold that the effective date of the Board's order was April 2, 1956, and that the appeal filed by

Garner in the District Court on April 18, 1956, was timely. Appellee's motion to dismiss the appeal is overruled.

■ Article 4542a, Sec. 12, V.A.T.C.S., provides that the State Board of Pharmacy may in its discretion cancel, revoke or suspend the operation of any license granted by it for certain specified reasons. One of the grounds specified, to wit, Subsection (f), is when the holder of a license "directly or indirectly, aids or abets in the practice of pharmacy any person not duly licensed to practice under this Act". The statute also provides that such cancellation, revocation or suspension by the Board shall be only after ten (10) days notice and a full hearing. The charge against Garner which was made before the Board and of which he was given notice was that he had violated Subsection (f), Section 12, of the article; that he did on or about the 29th day of November, 1955:

"allow Earl Burns to fill prescription No. 6574 for 6 Seconal capsules, grain 1½ which he labeled 'Capsules 1 three times a day'. Prescription by Dr. Robert L. Price. This prescription was filled in the Burns Drug Store located in Sweetwater, Texas, said Drug Store was holder of Permit No. 10 issued by the Texas Board of Pharmacy, Calvin H. Garner, pharmacist, Cert. No. 9852. Above prescription No. 6574 was filled for B. L. Hillis, Sweetwater, Texas."

It is urged by appellant Garner that the evidence does not support a finding that he allowed Burns to fill the prescription as charged. The general rule is that on an appeal from such an order of an administrative agency the test of sufficiency of the evidence to support the order is whether there was substantial evidence before the court reasonably supporting the order appealed from. 1 Tex.Jur. (Ten Year Supp.) 124; Railroad Commission v. Shell Oil Company, 139 Tex. 66, 161 S.W.2d 1022; Hawkins v. Texas Company, 146 Tex. 511, 209 S.W.2d 338.

■ The evidence before the court was to the effect that Calvin H. Garner is and was at all times relevant hereto a registered pharmacist and that he was during a portion of the year of 1955 employed in that capacity in the Burns Drug Store of Sweetwater, Texas, of which Mr. Earl Burns was the owner. Earl Burns was not a registered pharmacist. On or about November 29, 1955, Burns filled a prescription. Thereafter, on the same day two investigators for the Board secured a search warrant and went to Burns' drug store. They found Garner in his living quarters in back of the drug store "in his underwear, apparently asleep or something". Burns at that time admitted in Garner's presence that he had filled the prescription for Mr. Hillis. Garner at that time denied that he knew Mr. Hillis, denied that he had filled the prescription, and denied that he had previously known that Mr. Burns filled the prescription. There was no evidence contrary to this testimony by Garner unless it is contradicted by circumstances as herein substantially set out. There was evidence that a considerable amount of restricted drugs was gone for which no prescriptions could be found. Garner testified in effect that he knew nothing of the shortage. There was evidence to the effect that he was confined in the hospital during a portion of the time shortly before the incidents hereinabove set out. Garner testified: "As far as I knew, they were still just like I found them." Garner also testified that he did not see any prescription on the file which he did not fill himself, and although questioned about this matter to some extent there was no showing to the contrary, other than the fact that the prescription in question was filled by Burns. This evidence in our opinion is not sufficient to show or to raise a fact issue, that Garner did, as charged, "allow Earl Burns, to fill" the prescription for B. L. Hillis. The proof lacks the necessary element of knowledge on the part of Garner. It is not substantial evidence reasonably supporting a finding that Garner aided or abetted or consented for Burns to fill the prescription, or that he knew or had reason to believe that Burns intended to or did fill same prior to Burns' admission of the fact in his presence. State Board of Examiners in Optometry v. Marlow, Tex.Civ. App., 257 S.W.2d 761.

Appellee contends that the order of the Board is reasonably supported by substantial evidence showing other grounds than that set out in the charge of which Garner was given notice which justified the cancellation of his license. It is urged that there was substantial evidence that Garner is unfit or incompetent by reason of negligence as contemplated in Subdivision (c) of Section 12, and has been convicted in a federal court of the illegal sale of narcotic drugs, as contemplated in Subdivision (g), and that the trial court, therefore, did not err in holding that there was substantial evidence to support the action of the Board.

■ A physician, dentist or pharmicist cannot be deprived of his license without due process of law. It has been held that a statute providing for revocation of a license without notice, hearing or review of the order of revocation is unconstitutional. Francisco v. Board of Dental Examiners, Tex.Civ.App., 149 S.W.2d 619 (Writ Ref.); Industrial Accident Board v. O'Dowd, Tex., 303 S.W.2d 763. Garner was notified of a hearing, the purpose of which was to consider the revocation of his license on the ground that he had violated Subdivision (f), of Section 12, but there was no notice concerning any violation of Subdivision (c) or (g). On an appeal from the order of an administrative board revoking and cancelling a license the court will generally not consider matters outside the scope of the charges brought against the licensee, of which he was given due notice, and upon which the order of revocation was based. 70 C.J.S. Physicians and Surgeons § 18, p. 910. Section 12 of Article 4542a provides that the Board may in its discretion cancel, revoke or suspend a license for certain specified reasons and further provides that such revocation or cancellation "shall be

only after ten (10) days notice and a full hearing". Under a Nevada statute providing for cancellation of a license to practice medicine or surgery for certain causes upon filing of a sworn complaint and upon service of written notice of the charge and a full and fair trial before the Board it was stated by the Supreme Court of that state that it was essential that the revocation be based upon the charge contained in the complaint. State ex rel. Kassabian v. State Board of Medical Examiners, Nev., 235 P.2d 327.

■ In our opinion the notice contemplated and required by Article 4542a, Section 12, includes notice to the licensee not only that the cancellation of his license is to be considered but also that he should be informed of the charge against him. A licensee in a hearing before the Board may waive his right to have an inquiry limited to the matters with which he is charged. 70 C.J.S. Physicians and Surgeons § 18, p. 900. But a waiver must be clearly established by facts or circumstances showing an intention by one party to waive and an understanding to that effect by the other. 43-B Tex.Jur. 488; Texas Associates v. Joe Bland Const. Co., Tex.Civ. App., 222 S.W.2d 413 (Writ Ref.). No waiver is shown in this case. The order of the Board does not indicate that it is based upon any ground other than that shown in the charge and notice. Most of the evidence before the Board was obviously directed to the charge made. The fact that some of it may have also been material to another statutory ground for revocation such as unfitness by reason of negligence does not show a waiver.

■ Even if it should be held that the court was not limited to the charge made before the Board and of which notice was given, and that the court could consider evidence showing other grounds for revocation, there was still no substantial evidence reasonably supporting the Board's order revoking Garner's license. The most that is shown by the evidence is that Garner did not know what became of a large portion of the seconal capsules in the drug store and that the owner, Mr. Burns, filled the prescription in question for Mr. Hillis in Garner's absence. So far as the evidence shows, the filling of this prescription by Burns was without Garner's knowledge or consent. These facts and circumstances are not of themselves, nor when considered with other facts in evidence, sufficient to show unfitness by reason of negligence, as contemplated by Subdivision (c) of the statute. Neither can we agree with appellee's contention, in effect, that Garner's conviction in the federal court for the offense of refilling a barbiturate prescription constitutes a conviction for the illegal sale of a narcotic drug as contemplated by Subdivision (g) of this statute. A barbiturate is not a narcotic drug. 28 Words and Phrases, Narcotic, page 20; Article 725b, Sec. 1, Vernon's Ann.Penal Code. There is no provision for the cancellation of a pharmacist's license on the ground that the holder has been convicted of refilling a barbiturate prescription.

The judgment is reversed and the cause is remanded.