Ulysses Stanson YOUNG, Individually and dba Hillside Drug Store, Appellant,

v.

The TEXAS STATE BOARD OF PHARMACY et al., Appellees.

No. 7653.

Court of Civil Appeals of Texas, Beaumont.

Feb. 6, 1975.

Rehearing Denied March 6, 1975.

Clinton & Richards, Austin, for appellant.

Robert W. Gauss, Asst. Atty. Gen., Austin, for appellees.

KEITH, Justice.

The appeal is from an order dissolving a temporary restraining order and denying a temporary injunction. Appellant, a registered pharmacist, owned and operated Hillside Drug Store in Austin under appropriate licenses issued by the Texas State Board of Pharmacy (hereinafter "Board").

An agent of the Department of Public Safety, Patrick Randel, filed charges with the Board stating under oath that appellant had violated the Pharmacy Act [Vernon's Tex.Rev.Civ.Stat.Ann. art. 4542a (1960)] in several particulars. The Board notified appellant of the charges against him and appellant appeared at the hearing before the Board. After hearing testimony, the Board issued orders revoking appellant's license as a pharmacist and cancelled Hillside's license as a drugstore.

Appellant then instituted suit in the District Court of Travis County and the trial court issued an ex parte temporary restraining order continuing appellant's right to do business pending a hearing upon the application for the temporary injunction. At the conclusion of the latter hearing, the temporary restraining order was dissolved, the temporary injunction denied; but, the dissolution of the restraining order was suspended pending this appeal.

The basic thrust of the suit below is shown by the first two points upon appeal which are summarized in this manner: (a) as to Hillside, the charges "were facially insufficient to support a determination" that he had violated any provision of the Act; and, (b) as to himself, the charges were "facially insufficient to support a determination" under the relevant statute "that appellant was subject to 'reasons' therein prescribed."

Hillside, it was charged in Randel's affidavit, had "violated Article 4542a, Section 17, Subsection (d)(4), in that Ulysses S. Young has violated Article 4542a, Section 12, Subsections (b), (c) and (f), Revised Civil Statutes of Texas, in that: [and here followed thirteen specifications set out in Randel's affidavit]." We summarize the specifications against Hillside in the margin.[1]

---

1. The first three specifications charged appellant with the sale, at retail and without a prescription, of a certain number of penicillin tablets upon specified dates, alleging "same being a dangerous drug and requiring a prescription or physician authorization before it may be dispensed or refilled."

The fourth specification charged that petitioner did aid and abet in the unlawful practice of pharmacy one unlicensed to practice

On the same date, appellant was notified that charges had been filed with the Board against him alleging that "you are violating Article 4542a, Section 12, Subsection (b)(c)(f), Revised Civil Statutes of the State of Texas." Again, the affidavit of Randel was attached and the specifications followed those set out in footnote one, supra.

In the hearing before the Board, Randel testified in detail as to the several transactions summarized in his affidavit supporting the charges against appellant and Hillside. Appellant did not testify before the Board. It was after this hearing that Board revoked appellant's license to practice pharmacy and cancelled Hillside's license.

In the court below, the Board again offered Randel who testified in detail as to the facts underlying his charges. Appellant did not, and does not, challenge the sufficiency of the evidence to support the charges made against him. Instead, as indicated earlier, the attack is made upon the sufficiency of the charges under the applicable statute.

## Opinion

■ The scope of appellate review of orders granting or denying temporary injunctions has been stated upon many occasions. One of the cardinal rules is that the judgment of the trial court will not be reversed unless the appellate court is convinced that it represents a clear abuse of discretion. Texas Foundries v. International Moulders & F. Wkrs., 151 Tex. 239, 248 S.W.2d 460, 462 (1952); Sun Oil Company v. Whitaker, 424 S.W.2d 216, 218 (Tex.1968); City of Spring Valley v.

Southwestern Bell Tel. Co., 484 S.W.2d 579, 581 (Tex.1972). We recognize the exception as stated in *Spring Valley,* supra: "The general rule is not unlimited; it does not extend to the erroneous application of the law to undisputed facts. Southland Life Ins. Co. v. Egan, 126 Tex. 160, 86 S.W.2d 722 (1935)."

We summarize the argument of appellant: First, as to Hillside, he contends that the charge is "derivative" in nature, being based upon the *violation* by appellant of some provision of the Act. He then contends that while there are several "offenses that are violative of one or another provision—e.g. Sections 8, 10, 14(b), 16, 21, as to which the legislature has undertaken to provide authority to the Board to impose fines for violation," Section 12, subsections (b), (c) and (f) "do not prescribe offenses or 'violations' of the Act—only *'reasons'* for cancelling, revoking, or suspending a pharmacist license."

As to appellant and his pharmacist's license, the contention is made that while the charges may allege illegal conduct upon some other law, it is not denounced under the Act. Accordingly, he says as to both sets of charges, neither gives adequate notice to nor forms a basis for a determination of a statutory violation authorizing revocation or cancellation of the respective licenses. We disagree for the reasons now to be stated.

■ Every person desiring to operate a pharmacy or drugstore is required to obtain a license therefor. Tex.Rev.Civ.Stat. Ann. art. 4542a, § 17(a), (1974–1975 Supp.). *Subsection (d)* of § 17 reads:

"The State Board of Pharmacy may, in its discretion, refuse to issue a permit

pharmacy, namely, his wife who "placed at retail sale two (2) four (4) ounce bottles of Protussin A.C., same being a Schedule V Controlled Substance and requiring such sale to be made by a Registered Pharmacist before it can be sold, and required to be sold or dispenses only in four (4) ounce quantities in a 48 hour period."

The remaining specifications charged that petitioner "did demonstrate he is unfit to practice pharmacy in that on or about" certain specified dates he sold Randel more than one bottle of Protussin A.C. (or in some instances, Robitussin A.C.), followed by language mentioned in the fourth specification, supra.

to any applicant, and may cancel, revoke, or suspend the operation of any permit by it granted under the foregoing subsections for any of the following reasons:

\* \* \* \* \* \*

"(4) That any owner or employee of an owner of a licensed retail pharmacy, drugstore, dispensary, or apothecary shop, pursuant to Subsection (a), has violated any provision of this Act."

It stands undisputed in our record that appellant was the owner of Hillside; thus, the critical question presented is this: Did the charges filed by the Board against appellant give reasonable notice that he had violated some provision of the Act?

The provisions of the statute invoked by the Board in the proceeding against appellant's pharmacist license are to be found in Tex.Rev.Civ.Stat.Ann. art. 4542a, § 12, §§ (b), (c), and (f) (1974–1975 Supp.), set out below:

"Sec. 12. The State Board of Pharmacy may in its discretion refuse to issue a license to any applicant, and may cancel, revoke, or suspend the operation of any license by it granted for any of the following reasons:

\* \* \* \* \* \*

"(b) That said applicant or licensee is guilty of any fraud, deceit, or misrepresentation in the practice of pharmacy or in his seeking admission to such practice;

"(c) That said applicant or licensee is unfit or incompetent by reason of negligence;

\* \* \* \* \* \*

"(f) That said licensee, directly or indirectly, aids or abets in the practice of pharmacy any person not duly licensed to practice under this Act; provided fur-

ther, that said licensee is responsible for the legal operation of the pharmacy, dispensary, prescription laboratory or apothecary shop as long as his name appears on the permit issued for the operation of such establishments."

▓▓ Appellant places principal reliance upon Garner v. Texas State Board of Pharmacy, 304 S.W.2d 530 (Tex.Civ.App. —Eastland 1957, writ ref'd).[2] We readily accept the teachings in *Garner*: (1) that "[a] physician, dentist or pharmacist cannot be deprived of his license without due process of law," and that a statute providing for revocation of the license without notice, hearing for review of the revocation is unconstitutional (304 S.W.2d at 533); (2) that upon court review of the order cancelling or revoking the license, "matters outside the scope of the charges brought against the licensee, of which he was given due notice" will not be considered (Id.); and (3) the licensee "should be informed of the charge against him." (Id. at 534)

It will be recalled that appellant was charged with the violation of Section 12 (f) of the Act in that he aided and abetted his wife in her sale of Protussin A.C. to Randel. Under our record, she sold him two four-ounce bottles upon one date. Under the law, such a sale could be made only by a registered pharmacist and then only in quantities not to exceed four ounces in a forty-eight hour period. Appellant invokes *Garner* in this manner.

"Turning then to Appellant individually, the charge against him is that he had 'violated' the designated subsections outlined above, yet each factual allegation, save one (fn. 2), describes an act that may be illegal under some other law but is not denounced as an offense under the Act."

2. Appellant cites two other cases in support of his contention: Sovereign Camp, W. O. W. v. Corpus, 123 S.W.2d 973 (Tex.Civ. App.—San Antonio 1939, no writ), and Stephens v. State, 50 Tex.Cr. 531, 98 S.W. 859 (1906). We have examined each of these cases and do not find either to be in point or persuasive.

We quote footnote 2 as it appears in the brief at the point noted in the foregoing quotation:

"2. Item 4 is that Appellant aided and abetted in the unlawful practice of pharmacy one unlicensed to practice pharmacy, namely, his wife—and on one occasion. Randel's testimony that appellant was not present in the drug store at the time and that Mrs. Young volunteered to help him (S.F. 64–65) is not enough according to Garner v. Texas State Board of Pharmacy, supra."

The reliance upon *Garner* is misplaced. Garner was charged with aiding and abetting one Burns in the practice of pharmacy. This offense was alleged to have been committed on November 29, 1955. (304 S. W.2d at 532) The Act, originally adopted in 1929 [Acts 1929, 41st Leg., ch. 107, p. 242, § 12] did not contain a prohibition against aiding and abetting an unlicensed person in the practice of pharmacy. Such a prohibition was introduced into the Act in 1943. Acts 1943, 48th Leg., ch. 395, p. 710 at 714. There was no proviso attached to the prohibition of aiding and abetting. The proviso making the licensed pharmacist responsible for the legal operation of the pharmacy as long as his name appears on the permit was not added to Section 12(f) until June 6, 1957. Acts 1957, 55th Leg., ch. 447, p. 1324. In retrospect, it appears that the amendment was made in anticipation of the ruling in *Garner* which was announced thereafter in the same month.

■ *Garner,* making application of the statute as it existed in 1955, does not control this case which must make application of the 1957 amendment. In clear and unmistakable language, appellant was responsible for the acts of his wife in his pharmacy so long as his name appeared on the permit for the operation thereof.

■ It stands undisputed in our record that Mrs. Young did, at the time and place indicated, sell to Randel more than four ounces of Protussin A.C. in less than a forty-eight hour period. He so testified and there is no testimony to the contrary, appellant not having been present at the time of the sale, and Mrs. Young not appearing at the trial. In denying the relief sought, the trial court impliedly found that appellant had violated subsection (f) of Section 12 of the Act. We invoke the rule in support of the trial court's implied finding under the rationale of the cases cited in the margin.[3]

In effect, appellant concedes that he violated the provisions of subsection (f) of Section 12 by his admission, supported by appellant's own testimony: "Thus, items 1, 2 and 3, selling penicillin without a prescription, state an offense under the Dangerous Drug Act, Article 726d, PC."[4]

■ From our review of the charges and the applicable statutes, we are of the opinion that the appellant was given reasonable notice of the nature of the complaints against his conduct. As a professional man engaged in a field of endeavor affecting the public health and well-being, he was charged in law with knowledge that the specific facts set out in Randel's affidavit constituted impermissible conduct authorizing the revocation of his licenses. See generally, Martinez v. Texas State Board of Medical Examiners, 476 S.W.2d 400 (Tex.Civ.App.—San Antonio 1972, writ ref'd n.r.e.), and cases therein cited. Points one and two are overruled.

3. See generally, Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 613 (1950); Gulf Land Co. v. Atlantic Refining Co., 134 Tex. 59, 131 S.W.2d 73, 84 (1939); Ashton v. Bennett, 503 S.W.2d 392, 393 (Tex. Civ.App.—Waco 1973, writ ref'd n. r. e.).

4. The Dangerous Drug Act mentioned above has been transferred to Tex.Rev.Civ.Stat. Ann. art. 4476–15 (1974–1975 Supp.), where it is now known as the Controlled Substances Act. This was done when the Legislature adopted the new Penal Code. See Acts 1973, 63rd Leg., ch. 399, § 5, p. 995.

Nor are we impressed with appellant's third point of error contending that Art. 4542a, Section 12, subsections (b), (c) and (f) are "constitutionally deficient for vagueness." The leading cases on the subject are considered in detail in *Martinez,* supra (476 S.W.2d at 403–404), where a similar contention was rejected. Point three is overruled.

Our conclusions heretofore announced are dispositive of the cause and, while appellant has other points of error, we find no merit thereto and each is overruled. The temporary restraining order which the trial court continued in effect pending the appeal is dissolved. In all other respects, the judgment of the trial court is affirmed.