**TEXAS STATE BOARD OF DENTAL EXAMINERS, et al., Appellants,**

v.

**Lawrence A. FRIEDMAN, Appellee.**

**No. C14–83–234CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 16, 1984.

Rehearing Denied March 8, 1984.

Jim Mattox, Atty. Gen., Robert W. Gauss, Asst. Atty. Gen., Austin, for appellants.

David W. Hilgers, Hilgers, Watkins & Kazen, Austin, for appellee.

Before JUNELL, MURPHY and PRESSLER, JJ.

## OPINION

MURPHY, Justice.

This is an appeal from the judgment of the District Court overruling the order of the Texas State Board of Dental Examiners suspending Dr. Lawrence A. Friedman's license to practice dentistry. The court below found there was no substantial evidence that Dr. Friedman had actual knowledge that an unlicensed person had practiced dentistry in an office under his control, and the Administrative Order of the Board was reversed. At issue is whether allegation and proof of such actual knowledge is required. We hold that it is required; therefore, we affirm.

The Board docketed a complaint against Dr. Friedman charging that on November 11, 1980 he had violated TEX.REV. CIV.STAT.ANN. art. 4549 [1] § 3(c) and (g) which provide:

The Texas State Board of Dental Examiners and the district courts of this State shall have concurrent jurisdiction and authority, after notice and hearing as hereinafter provided, to suspend or revoke a dental license or a dental hygienist's license, to place on probation a person whose license or certificate is suspended,

or to reprimand a licensee or a certificate holder for any one or more of the following causes:

(c) That the holder thereof has been or is guilty of dishonorable conduct, ... in the practice of dentistry or dental hygiene.

. . . . .

(g) That a dentist employs or permits or has employed or permitted persons to practice dentistry in the office or offices under his control or management, who were not licensed to practice dentistry.

The complaint in this case was based upon allegations of a patient that a dental hygienist employed by Dr. Friedman had given her an injection of anesthetic. It is undisputed that a person is regarded as practicing dentistry if he or she administers any anesthesia in connection with the practice of dentistry. TEX.REV.CIV. STAT.ANN. art. 4551a. Upon this basis the Board charged that Dr. Friedman had employed or permitted an unlicensed person to practice dentistry.

At the hearing held by the Board, the testimony given by the patient and Dr. Friedman was conflicting as to who actually administered the anesthetic. Based upon the evidence before it, the Board found Dr. Friedman guilty of violating article 4549 § 3(c) and (g).

The appeal to the District Court was governed by the substantial evidence rule. After the record of the Board hearing was introduced into evidence, the Assistant Attorney General stipulated that the Board had not proved, and did not intend to prove, by substantial evidence or otherwise, that Dr. Friedman had any knowledge that his unlicensed dental auxiliary had practiced dentistry in his office. The District Judge ruled that based upon the evidence introduced and the stipulation, there was not substantial evidence to support the order of the Board.

---

**1.** Article 4549 as it existed on November 11, 1980, was not divided into numbered sections. Effective on September 1, 1981, that article was amended to be so numbered. For clarity we will refer to the statute as it now exists.

The Board in this appeal brings fourteen points of error. The seventh point of error is that the District Court erred in failing to conclude, as a matter of law, that it was not necessary to allege and/or prove actual knowledge in order to suspend Dr. Friedman's license for permitting an unlicensed person to practice dentistry. Point of error number eight claims the trial court erred in failing to find that a culpable mental state need not be alleged or proven. The tenth point of error is that the trial court erred in finding that the order of the Board was not supported by substantial evidence.

Appellant argues that under *State v. Houdaille Industries, Inc.*, 632 S.W.2d 723 (Tex.1982), knowledge and intent are not required in any suit by the State seeking civil penalties for the violation of any regulatory statute. In *Houdaille*, the Supreme Court, by a five to four margin, reversed the judgments of the District Court and Court of Civil Appeals. The majority opinion held that knowledge or intent are not essential elements to show a violation of § 16(b) of article 911b, of the Motor Carrier Act. However, the Supreme Court did not announce the broad rule for which appellant argues. The majority opinion expressly stated that with regard to the other statutes providing for civil penalties "depending upon particular legislative history and the wording of the statute, knowledge and intent may be required." *Houdaille Industries*, 632 S.W.2d at 729. The opinion then goes on to list other statutes which have been interpreted so that knowledge and/or intent were not necessary in order to establish the state's right to recover civil penalties. The majority opinion fails to mention cases involving the suspension of a professional's license where intent or knowledge has been required.

In *Bloom v. Texas State Board of Pharmacy*, 390 S.W.2d 252 (Tex.1965), the Supreme Court was faced with the issue of whether proof of knowledge and/or intent is essential to give the Pharmacy Board the authority to suspend the license of a licensee for engaging in the act of "substitution" in dispensing. The Court concluded that the statute required proof of intent or

knowledge before the board could suspend the license. *See also Garner v. Texas State Board of Pharmacy*, 304 S.W.2d 530 (Tex.Civ.App.—Eastland 1957, writ ref'd). The opinion in *Houdaille* does not expressly overrule or question the validity of either *Bloom* or *Garner*.

Justice Pope's majority opinion in *Houdaille* anchors its decision, in large part, upon the legislative history of the statute in question. Based upon a companion statute which expressly provided for criminal penalties for "knowing" violations, the removal of the statute from the Penal Code in 1974 after a requirement of culpability was added, and the nature of General Welfare Offenses, the Supreme Court found that the statute in *Houdaille* could be violated regardless of the presence or absence of actual knowledge. Based upon those same factors, in order for a finding of a violation of article 4549 § 3(g) to be supported by substantial evidence, there must be an allegation and proof of actual knowledge or intent to permit an unlicensed person to practice dentistry.

Unlike *Houdaille*, article 4549 § 3(g) does not have a virtually identical companion statute that allows criminal sanctions for violations that are committed knowingly. *Houdaille* put great reliance on the fact that after a requirement of culpability was added in 1974, the statute in that case was removed from the Penal Code. Article 4549, although amended, has been included in the Civil Statutes in virtually the same language for many years. Permitting an unlicensed person to practice dentistry can be classified as a general welfare offense. Despite that fact, Texas Courts have given greater attention to instances when the license of a medical professional could be revoked or suspended for the violation of the general welfare offense. The need for knowledge or intent in such a case was not questioned by the majority opinion in *Houdaille*.

■ We hold that in order for the Board of Dental Examiners to suspend or revoke the license of a licensed dentist for permit-

ting an unlicensed person to practice, the Board must allege and prove that the dentist had either knowledge or intent. It then follows that the District Court was correct in reversing the decision of the Board after the stipulation that the Board had not proven knowledge or intent by substantial evidence or otherwise. Although the Board also found that appellee was guilty of dishonorable conduct, appellant does not present a point of error complaining of the district court's judgment overruling that portion of the Board's decision. Points of error seven, eight and ten are overruled.

█ Since the lack of substantial evidence of knowledge is a sufficient basis for overruling the decision of the Board, we need not address the other grounds found by the District Court in overruling the Board's decision. The error, if any, by the Trial Judge in failing to make certain findings of fact requested by appellant is harmless error in light of the lack of substantial evidence on the issue of knowledge or intent. Appellant's remaining points of error are overruled.

The judgment of the trial court is affirmed.