William Douglas LEARUE, By next
friend Mother, Hazel LEARUE,
Claimant–Appellant,

v.

STATE of Tennessee,
Defendant–Appellee.

Court of Appeals of Tennessee,
Western Section, at Jackson.

Aug. 20, 1987.

Application for Permission to Appeal
Denied Nov. 2, 1987.

Jeffrey A. Garrety, Jackson, Sidney W. Gilreath, Knoxville, for claimant-appellant.

W.J. Michael Cody, Atty. Gen. and Raymond S. Leathers, Asst. Atty. Gen., Nashville, for defendant-appellee.

CRAWFORD, Judge.

Claimant, William Douglas Learue, a minor by next friend and mother, Hazel Learue, appeals from a decision of the Tennessee Claims Commission denying his claim for personal injuries against the State of Tennessee.

On July 18, 1983, claimant, a healthy, active, fourteen year old boy, sustained personal injuries at the swimming facility maintained by the State of Tennessee at Chickasaw State Park in Chester County, Tennessee. The swimming facility is a roped off area in a lake, and at the end of the swimming area, toward the entrance, a sand beach is maintained along the water's edge separated from the water by a concrete retaining wall. The water depth along the retaining wall ranges from two to three feet. There is a gradual increase in the water depth away from the retaining wall toward the deeper swimming area. There are no signs posted showing the depth of the water nor prohibiting diving from this concrete retaining wall into the water.

We will briefly summarize the pertinent testimony introduced by respective parties. Plaintiff's proof was as follows:

Richard S. Elliott was qualified and allowed to testify as an expert witness on management and the safe operation of swimming facilities. He opined that diving should be prohibited in water less than five feet in depth, and that no diving should be allowed from a retaining wall such as involved in the present case unless there is a depth of water at least eight feet. He conceded that there was a disagreement concerning the safe depths for diving and that theoretically safe dives could be made in very shallow water. He maintained, however, that at a public facility diving should be supervised and restricted to areas with depths he recommended.

Troy Winebaugh, claimant's cousin, testified that he was with the claimant at the time he was injured. Claimant and Winebaugh, along with other relatives, had spent the week together prior to the accident. During that week, he and claimant went swimming at least twice a day, and routinely dived into the water from the retaining wall on each of those occasions. He testified that he is two years older than claimant, and until claimant's injury he did not really appreciate the nature of the danger in diving in this particular area. He testified that on the occasion of the injury, after they had dived into the water, claimant began calling for help, and he learned that he had been injured. He was first to give care and attention to claimant.

Claimant, William Douglas Learue, testified that he was born May 20, 1969, and weighed 155 to 160 pounds at the time of the accident. He considered himself a strong swimmer. On the first day that he went to the park to go swimming, he stepped off of the retaining wall to see how deep it was and see what kind of bottom it had. During the week before the accident, he observed lifeguards diving off of the retaining wall, and he and his cousin went swimming twice a day, each day, during that week, and dove from the wall on all of those occasions. On the occasion of the accident, he did not do anything different from what he had been doing. He had sand on his forehead when he came up. When he came up he was hollering for help, and eventually his cousin removed him from the water and received some assistance from the lifeguards on duty and the waterfront director. He described his injury and medical treatment and rehabilitation and his present condition in great detail, which we will not relate at this time.

Defendant's proof was as follows:

Terry Bolton Pratt testified that he was one of the lifeguards on duty on the date of the accident and at that time was 21 years

of age, a senior at Union University, and employed at Maple Spring Baptist Church as a Minister of Youth. He observed the claimant running on the grass across the sand to dive into the lake, and it appeared to him that he made a proper dive. After he realized that the claimant was injured, he assisted in caring for him and moved him to the shade. He testified that the lifeguards dived off the retaining wall from time to time and that there was no rule or prohibition against anyone doing so. The lifeguards were not instructed by their supervisor to prevent the patrons from diving off the retaining wall.

Kimberly Murphy Robertson testified that she was a college student and a lifeguard on duty at the time of the accident. She testified that there were no written rules against diving at this area, that it was her understanding that it was left up to the individual lifeguards to decide, and that she, on occasion, had prohibited diving at this area, because she considered it dangerous.

Gary Hemby testified that he was a teacher at Chester County Junior High School, and in the summer was employed as waterfront director at Chickasaw State Park. He was so employed at the time of the accident involving claimant. He stated that he had been with Chickasaw State Park for some twenty years and that there had never been a neck injury at the swimming area. He testified that there was no formal method for establishing rules with regard to safety, that in the 1960's he had first prohibited diving from this particular retaining wall, but after a couple of years, he abandoned this prohibition. He could not answer the question as to whether he thought it was too shallow to be diving at this particular area.

Donald Earl Holmes testified that he is a park ranger and has worked at the park for nine years and has been a ranger for six years. He recalled his activities when he was called to the scene after the accident. He confirmed that there were no rules regarding diving from the retaining wall, and that the water generally remains stable along the wall. He did not consider the diving from this location a safety hazard and he had dived off the retaining wall himself.

For the purposes of this opinion, we did not deem it necessary to outline the testimony concerning the nature and extent of the injuries and damages sustained by the claimant.

■ Before considering the merits of the controversy, we first should comment concerning the Commissioner's determination of jurisdiction. Initially, the Commissioner determined that the Commission had jurisdiction to consider this claim pursuant to T.C.A. § 9–8–307(a)(3), and (5) which provide:

9–8–307. *Jurisdiction—Claims—Immunities.*—(a) The commission or each commissioner sitting individually shall have exclusive jurisdiction to determine all monetary claims against the state falling with one or more of the following categories:

\* \* \* \* \* \*

(3) Negligently created or maintained dangerous conditions on state controlled real property. The claimant under this subsection must establish the foreseeability of the risks and notice given to the proper state officials at a time sufficiently prior to the injury for the state to have taken appropriate measures;

\* \* \* \* \* \*

(5) Negligent care, custody and control of persons;

We agree that jurisdiction is proper pursuant to (a)(3), but we disagree with the Commission's ruling that jurisdiction is conferred by (a)(5). We feel that a fair reading of the statute, giving the words their usual and ordinary meaning establishes that the legislature intended that (a)(5) was to pertain to persons confined to penal institutions, residences, or health and other similar facilities maintained by the state. Our interpretation of (a)(5) is that it has no application to persons paying entrance fees to state maintained recreation facilities merely because there are rules and regulations pertaining to the use thereof. Although (a)(5) has no application, jurisdiction

was proper under (a)(3). The state concedes that the Commission properly considered the case pursuant to T.C.A. § 9–8–307(a)(3) and, concedes that the notice requirement was met.

Plaintiff has presented three issues for review which can be consolidated into the single issue of whether the Commissioner erred in finding that plaintiff was guilty of contributory negligence that bars his recovery.

This case is properly before this court on direct appeal from the Tennessee Claims Commission and is governed by Tennessee Rules of Appellate Procedure. T.C.A. § 9–8–403(a)(1) (1986 Supp.). Since this is a nonjury case, we review the case *de novo* upon the record with a presumption of correctness of the findings of fact by the Commission. Unless the evidence preponderates against the findings we must affirm, absent error of law. T.R.A.P. 13(d).

In essence, the Commission found that the State was negligent in maintaining a hazardous condition by allowing diving in the area involved and that the plaintiff was not guilty of assumption of risk. The Commission then found that plaintiff was contributorily negligent which barred his recovery.

We quote from the Commission's findings:

Did the defendant have a duty to prohibit diving from the wall, and was the defendant negligent in failing to do so? In this Commissioner's opinion they did and were. This is not to say that the defendant had a duty to insure the safety of all who use the facility. It did not. But, it did owe a duty to identify and eliminate obvious hazards, or to identify and prohibit practices that were obviously hazardous.

\* \* \* \* \* \*

Therefore, the Commission concludes that a reasonably prudent person with the training and skill possessed by the lifeguards and waterfront director would have appreciated the danger involved in diving from a wall into water only two or three feet deep, and that the defendant was negligent in failing to eliminate the hazard, or in prohibiting the practice of diving from the wall.

\* \* \* \* \* \*

[a]t the time of the accident, the claimant was a fourteen (14) year old who, according to the testimony, was a good swimmer. He knew enough about potential dangers involved with swimming to have checked the water depth and sub-surface before making his initial dive. And, the testimony indicates that he had been diving from this location without incident for the previous five to six (5–6) days.

\* \* \* \* \* \*

The evidence establishes that the claimant had sufficient knowledge to satisfy the first requirement of the test. He knew the water adjacent to the wall was shallow and he knew the nature of the subsurface. Therefore, he was fully aware of the defect which in this case was the shallowness of the water. And, the Commission is of the opinion the claimant voluntarily exposed himself to the defect as required by the third element of the test. The claimant repeatedly made the choice to dive even though he knew the water to be shallow. But, the Commission is not convinced that the claimant fully understood the danger as is required by the second element of the test. The claimant was only fourteen (14) years of age and his degree of awareness or appreciation of the danger must be considered in light of his age. Since the lifeguards did not prohibit diving from the wall and since the lifeguards themselves dove from the wall it is likely that the claimant considered the practice to be acceptable. The lifeguards' actions and their acquiescence in permitting the diving would most likely negate any appreciation of the danger that a fourteen (14) year old might have. Therefore, while it is likely that the claimant knew that there were some risks in diving from the wall, it is unlikely that he fully understood or appreciated the danger or possible consequences. This determination conforms to the requirement that the actions of a person

who has not yet reached majority should be considered in light of what a "reasonably prudent person of like age, capacity, knowledge and experience might be expected ordinarily to exercise." *Fraddy vs. Smith*, 519 S.W.2d 584 [Tenn.1974]; *Southern Railway Company vs. Whaley* [170 Tenn. 668] 98 S.W.2d 1061 [1936].

While assumption of the risk involves actual knowledge, "contributory negligence is a matter of some fault or departure from the standard of reasonable conduct." *Mullins*, supra. In this regard, "reasonable conduct" would require that the claimant should make shallow dives and, this he did until he made the dive which resulted in the injury. As to this particular dive, it is obvious that the claimant departed from the standard of reasonable conduct and dove too deep. Simply put, he is at fault by diving too deep. Therefore, the Commission concludes that the claimant was guilty of contributory negligence in that he departed from the standard of reasonable conduct, i.e. performing a shallow dive. And, while the claimant may not have fully appreciated the dire consequences which could result from striking the bottom, he surely knew that he could injure himself if he entered the water at a downward angle.

While there is some question as to whether or not a fourteen (14) year old can be guilty of contributory negligence, the Commission is convinced that the facts of this case are such so as to find contributory negligence on the part of the claimant. Disregarding any presumption that he could or could not be guilty of contributory negligence, the claimant's knowledge of the circumstances, his general knowledge concerning safe swimming practices and his general ability as a swimmer are sufficient to convince the Commission that the claimant failed to exercise ordinary care for his own safety during this particular dive.

 Claimant alleged that the defendant was negligent in failing to post signs indicating the water depth adjacent to the wall, and was negligent in failing to prevent diving from the wall. The Commission correctly found that any negligence in failing to warn of the water depth was not a proximate cause of the accident because claimant had previously determined the depth of the water and had fully informed himself of the condition.

The evidence does not preponderate against the Commission's finding "that the defendant was negligent in failing to eliminate the hazard, or in prohibiting the practice of diving from the wall." The defendant owed a duty to the plaintiff to exercise reasonable care under all of the attendant circumstances to make the premises and their use safe. *See Hudson v. Gaitan*, 675 S.W.2d 699 (Tenn.1984). In *Hudson*, the Court said:

> The common law classifications of one injured on land of another as an "invitee" or "licensee" are no longer determinative in this jurisdiction in assessing the duty of care owed by the landowner to the person injured; the duty owed is one of reasonable care under all of the attendant circumstances, foreseeability of the presence of the visitor and the likelihood of harm to him being one of the principal factors in assessing liability. Care that is reasonable in one context may be wholly unreasonable or more than reasonable in a different context. (citations omitted) This duty of reasonable care shall extend to all persons who come upon the defendant's property with his consent, express or implied. (citations omitted) The defense of contributory negligence shall continue to be available to the defendant in such cases.

*Id.* at 703.

Although contending that it was not negligent, the State relied upon the defenses of assumption of risk and contributory negligence. The Commission found that claimant did not assume the risk, but was guilty of contributory negligence. No one seriously questions the Commission's finding that claimant did not assume the risk and we will not deal with it further.

The Commission found and the record supports that the fourteen year old claimant was a good swimmer, that he checked the water depth and subsurface before ever making a dive, and that he had been diving from the same location for some five or six days prior to the date of the accident. The Commission found that it was likely that the claimant knew that there was some risk in diving from the wall, but because of his age, it was unlikely that he fully understood or appreciated the danger or the possible consequences.

When a child is over the age of fourteen years there is a presumption that he is capable of exercising care for his own safety the same as if he were a grown person. *See Hauser v. Persinger*, 57 Tenn. App. 401, 419 S.W.2d 179 (1967), *West v. Southern Railway Co.*, 20 Tenn.App. 491, 100 S.W.2d 1004 (1936). From our examination of the record, we find nothing to indicate that claimant was incapable of exercising the presumed degree of care. To the contrary, as previously noted, the record establishes that the claimant was a strong and experienced swimmer and diver and recognized the importance of knowing the depth of the water. The record establishes that claimant, prior to diving from the retaining wall the first time, went into the water and checked the water's depth and the condition of the lake bottom.

The Commission concluded that the proximate cause of plaintiff's injury was failure of the plaintiff to make a shallow dive. The Commission's finding that the claimant failed to exercise ordinary care for his own safety by making a deeper dive is presumed correct and is not against the weight of the evidence. T.R.A.P. 13(d).

Although we have the utmost sympathy for claimant, we cannot escape the fact that in this case he should be charged with the responsibility of exercising reasonable and ordinary care for his own safety. The evidence does not preponderate against the Commission's finding that he did not exercise this care and that his failure to do so was a direct and proximate cause of his injury.

Accordingly, the judgment of the Commission is affirmed, and costs of the appeal are assessed against the appellant.

TOMLIN, P.J. (W.S.), and HIGHERS, J., concur.