# IN THE COURT OF APPEALS OF TENNESSEE, WESTERN SECTION AT JACKSON

_____

|  |  |  |
|---|---|---|
| **E. L. (ELDRED) REID,** | ) | Lake County Circuit Court |
|  | ) | No. 96-7383 |
| Plaintiff/Appellant. | ) |  |
|  | ) |  |
| VS. | ) | C. A. NO. 02A01-9611-CV-00269 |
|  | ) |  |
| **JASON PETTY,** | ) |  |
|  | ) |  |
| Defendant/Appellee. | ) |  |
|  | ) |  |

_____

From the Circuit Court of Lake County at Tiptonville.
**Honorable Joe G. Riley, Jr., Judge**


**E. L. (Eldred) Reid**, Pro Se
Northwest Correctional Center, Tiptonville, Tennessee


**Charles W. Burson, Attorney General & Reporter,** Nashville, Tennessee
**Jeff Hill, Assistant Attorney General**, Nashville, Tennessee
Attorneys for Defendant/Appellee.


OPINION FILED:

**AFFIRMED AND REMANDED**


                                        **FARMER, J.**


**CRAWFORD, P.J., W.S.** : (Concurs)
**LILLARD, J.** : (Concurs)

Eldred L. Reid (Plaintiff) sued Jason Petty (Defendant) for "pain and suffering with mental stress" alleged to have resulted from the defendant's failure to timely respond to Plaintiff's request for pain medication. Summary judgment was entered in favor of Defendant on the grounds that the trial court lacked jurisdiction and that the defendant was immune pursuant to T.C.A. § 9-8-307(h).

The plaintiff is an inmate in the custody of the Tennessee Department of Correction incarcerated at the Northwest Correctional Center. Defendant is a correctional officer employed by the department at that facility. The complaint alleges that the defendant failed to respond to Plaintiff's request for pain medication. The motion for summary judgment was supported by the affidavit of Defendant which states:

> Comes now Jason Petty and after having been duly sworn deposes and says the following:
>
> I am employed by the Tennessee Department of Correction as a correctional officer at the Northwest Correctional Center.
>
> On the evening of January 27, 1996 at approximately 12:00 A.M. the emergency call button for the Plaintiff's room was pressed. When I arrived at his cell, Eldred Reid informed me that he wanted his medication.
>
> I informed my superior who instructed me to call the yard officer. The yard officer advised me that he would pick up inmate Reid as soon as possible. I informed Mr. Reid of my actions.

The appellant's brief cites five issues. However, we perceive the issue to be whether the trial court erred in granting Defendant summary judgment.

The Tennessee Claims Commission has exclusive jurisdiction to determine all monetary claims against the state for the negligent care, custody or control of persons. Although the state is not a named party to this action, it is apparent from the complaint that Plaintiff is seeking recovery against the defendant in his official capacity. *See Thomas v. Spence*, No. 01A01-9105-CH-00161 (Tenn. App. Aug. 14, 1991) (W.L. 153220). T.C.A. § 9-8-307(a)(1)(E)[1] pertains to

---

[1] **9-8-307. Jurisdiction -- Claims -- Waiver of actions -- Standard for tort liability -- Damages -- Immunities -- Definitions -- Transfer of claims. --** (a)(1) The commission or each commissioner sitting individually has exclusive jurisdiction to determine all monetary claims

persons confined to penal institutions maintained by the state. ***Learue v. State***, 757 S.W.2d 3, 5 (Tenn. App. 1987). It is undisputed that the defendant is a state employee and that the acts complained of were within the scope of his employment.

T.C.A. § 9-8-307(h) provides that "[s]tate officers and employees are absolutely immune from liability for acts or omissions within the scope of the officer's or employee's office or employment, except for willful, malicious, or criminal acts or omissions or for acts or omissions done for personal gain." The complaint contains no allegations of "willful, malicious, or criminal acts or omissions or for acts or omissions done for personal gain." ***See Goodwin v. Bell***, No. 01-A-01-9111-CV-00402 (Tenn. App. Feb. 14, 1992) (W.L. 24988).

Summary judgment is to be granted if the "pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56.03 T.R.C.P. The trial court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence. Once it is shown by the moving party there is no genuine issue of material fact, the nonmoving party must then demonstrate, by affidavits or discovery materials, that there is a genuine, material fact dispute. The nonmoving party cannot simply rest upon its pleadings. ***Byrd v. Hall***, 847 S.W.2d 208 (Tenn. 1993).

We affirm the dismissal by the trial court on the basis that it lacked jurisdiction and that the defendant, Jason Petty, is immune from liability pursuant to T.C.A. § 9-8-307(h). The complaint further seeks injunctive relief concerning his medication, being furnished with a new crutch foot and concerning the delivery of his mail. However, there are no allegations in the complaint or indications in the record that the defendant has the duty or wherewithal to grant the relief requested. The judgment of the court below is affirmed and the costs of this appeal are taxed to Mr. Reid, for which execution may issue if necessary.

---

against the state falling within one (1) or more of the following categories:

. . . .

(E) negligent care, custody and control of persons;

_____
FARMER, J.

_____
CRAWFORD, P.J., W.S. (Concurs)

_____
LILLARD, J. (Concurs)