IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs, May 30, 2002


WASHSHUKRU AL-JABBAR A'LA v. STATE OF TENNESSEE


Direct Appeal from the Tennessee Claims Commission, Eastern Division
No. 20100896     Hon. Vance W. Cheek, Jr., Commissioner

FILED AUGUST 13, 2002

No. E2001-03133-COA-R3-CV


Prisoner's claim for medical treatment was dismissed by Claims Commission on jurisdictional grounds. On appeal, we affirm and remand.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Tennessee Claims Commission Affirmed and Remanded.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., filed a concurring opinion.

Washshukru Al-Jabbar A'La, *pro se.*

Paul G. Summers, Attorney General and Reporter, Michael E. Moore, Solicitor General and Nichon Shannon, Assistant Attorney General, Nashville, Tennessee, for Appellee.


**OPINION**


The Claims Commission dismissed this case for lack of subject matter jurisdiction.

The claimant filed an Appeal from the Division of Claims Administration, alleging that he was incarcerated at Brushy Mountain State prison, and that on August 11, 2000, he sought medical treatment for gastro-intestinal distress, and was refused treatment by the medical staff. He alleged that he was negligently deprived of his statutory right to medical treatment, pursuant to Tenn. Code Ann. §41-21-204, and that the Claims Commission had jurisdiction over his claim pursuant to Tenn. Code Ann. §9-8-307(a)(1)(N).

After various motions were filed, including a Motion for Summary Judgment by the State, the Claims Commissioner entered a Final Order of Dismissal for Lack of Subject Matter Jurisdiction. In the Final Order, the Commissioner found that the claimant had to prove that "the general assembly expressly conferred a private right of action in favor of the Claimant against the State of Tennessee for the State's violation of a particular statute's provision", and that the claimant failed to prove that he had a private right of action created by the statute.

The Supreme Court recently explained:

A motion to dismiss for lack of subject matter jurisdiction falls under Tennessee Rule of Civil Procedure 12.02(1). The concept of subject matter jurisdiction involves a court's lawful authority to adjudicate a controversy brought before it. Subject matter jurisdiction involves the nature of the cause of action and the relief sought, and can only be conferred on a court by constitutional or legislative act. Since a determination of whether subject matter jurisdiction exists is a question of law, our standard of review is *de novo*, without a presumption of correctness.

*Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000)(citations omitted). Thus, our review is *de novo*.

Claimant alleged that he had been deprived of his statutory right to medical treatment pursuant to Tenn. Code Ann. §41-21-204 (a) and (b), and that he sought monetary damages against the State pursuant to Tenn. Code Ann. §9-8-307(a)(1)(N). Tenn. Code Ann. §9-8-307(a)(1)(N) provides that the Claims Commission has exclusive jurisdiction "to determine all monetary claims against the state based on the acts or omissions of 'state employees'" for "negligent deprivation of statutory rights created under Tennessee law", and that the claimant "must prove under this subdivision that the general assembly expressly conferred a private right of action in favor of the claimant against the state for the state's violation of the particular statute's provisions". Claimant's allegations are that the State deprived him of his rights under Tenn. Code Ann. §41-21-204 (a) and (b), which provide:

(a) All inmates at their reception and at such times thereafter as may be deemed necessary shall be examined by a physician for the purpose of determining their status of health.
(b) The medical director shall conduct a daily outpatient clinic. Any inmate who is ill shall receive proper medical treatment.

The Western Section of this Court has held in construing the language of Tenn. Code Ann. §9-8-307(a)(1)(N) as requiring that a statute not only confer a right, but also there must be specific statutory language which creates a private right of action against the State to enforce the statute. *See Madkins v. State*, 202 Tenn. App. Lexis 387 (Tenn. Ct. App. May 29, 2002); *Taylor v. State*, 2001, Tenn. App. Lexis 568 (Tenn. Ct. App. July 31, 2001).

In 1998 the legislature amended subsection N of the statute, such that its former language "deprivation of statutory rights" was deleted, and the current language enacted which reads in its entirety:

> N. Negligent deprivation of statutory rights created under Tennessee law, except for actions arising out of claims over which the Civil Service Commission has jurisdiction. The claimant must prove under the subdivision that the General Assembly expressly conferred a private right of action in favor of the claimant against the State for the State's violation of the particular statutory provision;

While explaining the proposed change to the House Judiciary Committee, Rep. Hargrove, the sponsor of the legislation, stated that the intent was to make the claimant prove that the right was created by a Tennessee statute and not a federal statute or a statute from another state. Debate on HB3142, February 25, 1998. Hargrove further explained during regular session, that the legislation generally was intended to expedite the work of the Commission and, once again, stated that this provision was proposed so that claims could only be brought for violation of a Tennessee statute, as opposed to another state statute or a federal statute. Debate on HB3142, March 6, 1998. There is nothing in the legislative history to suggest that the legislature intended to require that a Tennessee statute conferring a right to an individual must also contain specific language telling the individual that he has a right to bring a suit, if that right is violated. However, the intent expressed in the wording of the statute is contrary to this view.

Under the wording of this statute, a claimant who is negligently deprived by a state employee of a right created by a Tennessee state statute and who cannot point to specific language in the same statute that grants him or her the right to bring an action against the State, is left without a remedy. The intent, as expressed in the statute, denies a remedy for wrongs, i.e., negligent violation of statutory rights.

The public policy of this State as reflected in the Constitution, is that everyone shall have a remedy for wrongs causing injury to him.[1] The General Assembly should correct this injustice by affording a remedy to all persons whose statutory rights have been violated and are now denied redress for negligent violation of such statutes which have caused them injury.

Finally, the issue is not whether the Claims Commission has jurisdiction. Clearly, Tenn. Code Ann. §9-8-307(a)(1)(e) would give the Claims Commission jurisdiction of cases of this

---

[1]The Tennessee Constitution provides:

> Article I, §17. . . . every man, for an injury done to him and his lands, goods, person, or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial or delay. Suits may be brought against the State in such manner and in such courts as the legislature may by law direct.

nature. *See*, *Learue v. State*, 757 S.W.2d 3, (Tenn. Ct. App. 1987), and *Laws v. State*, 1986 Tenn. App. Lexis 3219 (Tenn. Ct. App. August 14, 1986). But the wording of "N" abolishes a private right of action in favor of a claimant under these circumstances which had existed prior to the amendment. Accordingly, the Commissioner's action in dismissing this case must be affirmed because the claimant cannot state a cause of action as a matter of law.

The cost of the appeal assessed to the appellant, Al-Jabbar A'La.

_____
HERSCHEL PICKENS FRANKS, J.